UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW BECKER, et al.,

    Plaintiffs,

v.

TIG INSURANCE COMPANY, et al.,

    Defendants.

CASE NO. 3:21-CV-5185-JHC

ORDER ON MOTION TO COMPEL

Before the Court is a part of Plaintiffs' 56(d) Motion, Motion to Continue, Motion to Compel and Motion to Waive or Strike all Unsupported, Unasserted, Boilerplate Objections to Response to Requests for Production and for Award [sic] Fees & Costs (Motion). Dkt. 49. The Honorable John H. Chun deferred ruling on Plaintiffs' request to continue trial and related dates and referred the remainder of the Motion to the undersigned. Dkt. 54. After holding a hearing and considering the relevant record, the portion of the Motion before the undersigned is denied.

**I.      Background**

This case involves insurance coverage issues where the plaintiff homeowners, as assignees of Highmark Homes LLC (Highmark), seek declaratory relief and assert claims for

breach of contract, bad faith, negligent misrepresentation, negligence, estoppel, and violations of the Washington Administrative Code, the Consumer Protection Act, and the Insurance Fair Conduct Act. *See* Dkt. 2. Plaintiffs also seek attorney fees and costs. *See id*. Plaintiffs' claims arise from the settlement of a construction defect case brought by various plaintiff homeowners in Kitsap County Superior Court against Highmark, the developer and general contractor of the East Park residential development located in Kitsap County. *Id*.

Plaintiffs propounded 20 interrogatories and 69 requests for production to Defendant TIG Insurance Company (TIG) in September 2021, and TIG responded to that discovery in November 2021. Dkt. 53, Ex. 3. Plaintiffs later propounded an additional 4 interrogatories and 14 requests for production on November 19, 2021, and 134 requests for admission on January 12, 2022. *Id*. at Ex. 4 and 5. TIG has responded to Plaintiffs' discovery, which includes TIG's objections. *Id*. at Ex. 3 and 6. TIG verified the responses and TIG's attorney certified as in compliance with FRCP 26(g). *Id*. at Ex. 3, pp. 30-31.

In their Motion, Plaintiffs present these issues:

1. Should the court stay all of TIG's motions until it produces all documents in its possession?

2. Should the court continue this matter while it issues its order on discovery?

3. All objections not asserted in TIG's discovery responses should be waived.

4. All objections for which TIG failed to provide sworn testimony should be waived.

5. All objections which TIG refused to bring into compliance with the Federal Rules for eight months are waived.

6. All the requests for production are proportional to this matter.

7. All the evidence presented to the court, and common sense, dictates there are additional documents in existence and TIG's possession.

      8.     Should the court rule TIG is in possession or control of documents at RiverStone? TIG is in "control" of the documents in RiverStone's possession.

      9.     Should the court rule TIG to produce all privileged materials. The court should order TIG to produce all alleged privileged and unprivileged documents unredacted.

Dkt. 49. In support of the Motion, Plaintiffs filed the Second Declaration of Todd Skoglund (Dkt. 50) and the Third Declaration of Todd Skoglund (Dkt. 51).[1] TIG filed a Response supported by the Declaration of Stephania C. Denton. Dkts. 52, 53. Plaintiffs filed a Reply. Dkt. 55.

      TIG asks the court to disregard the Third Declaration of Todd Skoglund (Dkt. 51) as it is effectively an entirely separate motion that has not been properly noted. Dkt. 52. In the alternative, TIG asks to respond separately if the Court does consider the Third Declaration as a motion. *Id*. The Third Declaration states it is submitted "in support of the Plaintiffs' request under FRCP 56(d) for the court to stay any motion filed by TIG seeking dismissal or other relief requiring information TIG is improperly withholding or failing to retrieve from its agent Riverstone". Dkt. 51. At oral argument, after Mr. Skoglund stated the Third Declaration was not intended to be a separate motion, the Court confirmed it will not consider the Third Declaration as a motion and that the undersigned will consider it only as it relates to what has been referred to the undersigned.

      At oral argument counsel confirmed that the first two issues included in the Motion are not before the undersigned as they encompass the potion of the Motion that Judge Chun has not referred to the undersigned. Thus, the undersigned has not considered:

---

[1] During oral argument, Mr. Skoglund referred to the First Declaration of Todd Skoglund (Dkt. 45) as supporting the Motion, but the Motion does not include any citations to the First Declaration. Therefore, the Court has not considered the First Declaration as part of its review of the Motion.

ORDER ON MOTION TO COMPEL - 3

1. Should the court stay all of TIG's motions until it produces all documents in its possession?

2. Should the court continue this matter while it issues its order on discovery?

The Court will address each of the other seven issues presented in the Motion.

## II.  Discussion

The Court strongly disfavors discovery motions and prefers that parties resolve discovery disputes on their own. *Am. Guard Servs., Inc. v. Terminal Sec. Sols., Inc.*, 2019 WL 1354154, at *1 (W.D. Wash. Mar. 26, 2019). "Counsel are expected to cooperate with each other to reasonably limit discovery requests, to facilitate the exchange of discoverable information, and to reduce the costs of discovery." Local Civil Rule ("LCR") 26. "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.,* 108 F.R.D. 328, 331 (N.D. Cal. 1985).

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1). If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *Id*. While Plaintiffs and TIG confirm they have met and conferred, the Court directs further effort to meet and confer as set forth below.

At the outset, the Court notes the Motion only references the responses to requests for production (RFP) and that no interrogatories or requests for admission are at issue. The parties confirmed this at oral argument. In addition, Plaintiffs have presented the issues globally rather than specifically in the context of each specific RFP. For instance, the first three discovery issues seek to have *all* objections waived.

    3.    All objections not asserted in TIG's discovery responses should be waived.

    4.    All objections for which TIG failed to provide sworn testimony should be waived.

    5.    All objections which TIG refused to bring into compliance with the Federal Rules for eight months are waived.

Dkt. 49. Then, the next three issues seek to have *all* requests for production deemed proportional and to conclude TIG does have additional documents that are responsive to the RFPs.

    6.    All the requests for production are proportional to this matter.

    7.    All the evidence presented to the court, and common sense, dictates there are additional documents in existence and TIG's possession.

    8.    Should the court rule TIG is in possession or control of documents at RiverStone? TIG is in "control" of the documents in RiverStone's possession.

The final listed issue is again a broadly presented request focused on production of *all* the documents TIG has identified as privileged or subject to work product protections.

> 9.   Should the court rule TIG to produce all privileged materials. The court should order TIG to produce all alleged privileged and unprivileged documents unredacted.

Plaintiffs also contend TIG has "not argued or presented any sworn evidence of its objections or signed the objections." Dkt. 49, p. 4-5. As TIG's responses to discovery include a counsel certification and Declaration of Responding Party complete with signatures, the Court rules that TIF has properly complied with certification requirements of FRCP 26(g).

While a broad discovery ruling by the Court may be appropriate at some point in this case, the Court has reviewed the record and concludes it is far more efficient at this time to focus on each of the RFPs Plaintiffs contend TIG has not adequately responded to. By doing so, the Court can evaluate the relevance, proportionality, overbreadth, and burdensome issues presented by the parties within the context of each particular RFP. The Court directs the parties to meet and confer with regard to each RFP at issue. If, after a due and diligent effort to resolve all issues, the parties are unable to resolve all issue, they shall submit a joint combined motion under LCR 37(a)(2).

The Court also notes one of the disputed areas for production include TIG claims file(s) on which TIG has produced some documents, but asserted objections. As part of its responses to the RFPs, TIG produced a Privilege Log (Dkt. 53-7) which included some redacted documents and withheld other documents in the entirety. Plaintiffs seek to have the Court order TIG to produce all documents in the Privilege Log without redaction. Dkt. 49, p. 13-14. During oral argument TIG counsel stated the documents listed on the Privilege Log were either withheld or redacted because the document: (1) included discussion on unrelated claims; (2) contained

reserve information; (3) contained propriety information and the contract between TIG and defense counsel, or (4) was subject to attorney/client privilege or work product. The attorney-client privilege, as a substantive evidentiary privilege, is governed by state law. *See* Fed.R.Evid. 501; *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D.Wash. 2007). The work product doctrine, by contrast, is a procedural immunity and is therefore governed by the Federal Rules of Civil Procedure. *See Union Pacific R. Co. v. Mower,* 219 F.3d 1069, 1077 n. 8 (9th Cir.2000).

Under Washington law, attorney-client privilege is presumptively inapplicable in a first-party insurance bad faith action. *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 697 (2013). *Cedell* creates a presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjustment process. *Id*. However, "in the UIM context, the insurance company is entitled to counsel's advice in strategizing the same defenses that the tortfeasor could have asserted." *Id*. An insurer may, therefore, overcome *Cedell*'s "presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigation and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own liability: for example, whether or not coverage exists under the law." *Id*. at 699. "Upon such a showing, the insurance company is entitled to an *in camera* review of the claims file, and to the redaction of communications from counsel that reflected the mental impressions of the attorney to the insurance company, unless those mental impressions are directly at issue in its quasi-fiduciary responsibilities to its insured." *Id*.

"To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.' " *United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011) (quoting *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf),* 357 F.3d 900, 907

(2004)). When a document serves a dual purpose (where it was not prepared exclusively for litigation), the "because of" test is used. *Richey*, 632 F.3d at 567–68 (quoting *Torf*, 357 F.3d at 907). Dual purpose documents are deemed prepared because of litigation if, in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. *Richey*, 632 F.3d at 567–68. Courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation and would not have been created in substantially similar form but for the prospect of litigation. *Id.* at 568.

Opinion work product "is virtually undiscoverable." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 n.3 (9th Cir. 2014). However, the Ninth Circuit has found that, on a case-by-case basis, an insured may be able to obtain opinion work product. *Holmgren v. State Farm Mut. Auto. Ins. Co.,* 976 F.2d 573, 577 (9th Cir. 1992). In contrast, materials prepared in the ordinary course of business are not protected. Fed. F. Civ. P. 26(b)(3), 1970 Advisory Committee Notes. "[A]n insurer cannot delegate its obligation to make a coverage determination, which is after all its business, to an attorney and then claim 'work product privilege.'" *Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, 2010 WL 3789104, at Plaintiffs1–2 (W.D. Wash. Sept. 23, 2010) (quoting *Country Life Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 2005 WL 3690565, at Plaintiffs7 (C.D. Ill. 2005)).

As the Court cannot determine, based on its review of the Privilege Log (Dkt. 53-7), if documents were properly withheld or properly redacted, the Court directs the parties include the Privilege Log as part of their meet and confer. *See Gamble v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 4193217, at *4 (W.D. Wash. July 21, 2020) (ordering defendant insurer in UIM case to produce to the Court for *in camera* review the materials at issue entered in the privilege log);

ORDER ON MOTION TO COMPEL - 8

*Lynch v. Safeco Insurance Company of America*, 2014 WL 12042523 (W.D. Wash. March 7, 2014) (directing parties to clarify privilege log and meet and confer before conducting *in camera* review). If the parties are unable to resolve all issues with the Privilege Log, TIG shall submit the documents identified in the Privilege Log under seal for an *in camera* review.[2] In so doing, the format of the Privilege Log should be modified to include a column for the Court to indicate its ruling on each specific document.

The meet and confer shall also address the request for production regarding documents from RiverStone Claims Management, LLC ("Riverstone") which is the claims administrator that handles claims for TIG. Dkt. 53-1. TIG stated it has produced all nonprivileged portions of documents from Riverstone. During the meet and confer, the parties shall attempt to come to an agreement regarding the existence and discoverability of any Riverstone documents that have not been produced. If an agreement cannot be reached, TIG must provide a sworn statement to Plaintiffs attesting to the steps taken to respond to any RFP related to Riverstone and that all documents from Riverstone have been produced.

The Court also notes some of the RFPs include a ten year time period for production. While the temporal scope of discovery must be broad enough to allow Plaintiffs to discover relevant information, it cannot be so broad as to be unduly burdensome. *See Paananen v. Cellco P'ship*, 2009 WL 3327227, at *9 (W.D. Wash. Oct. 8, 2009) ("Courts typically strike a balance in the range of three to eight years, although this varies based on the particular circumstances of the case.") In addition to satisfying other requirements for discovery, Plaintiffs will need to present a compelling basis for such a lengthy production time period.

---

[2] Any documents requiring *in camera* review shall be submitted at the same time as the joint motion under LCR 37 is filed. If a LCR 37 joint motion is not filed, TIG shall file a separate *ex parte* motion under seal seeking *in camera* review no later than September 23, 2022.

ORDER ON MOTION TO COMPEL - 9

**Caution to Counsel**

The Court also reminds counsel of the Court's expectations for compliance with the meet and confer requirements. To satisfy the meet and confer requirements, counsel must *in good faith* confer or attempt to confer by telephone or in person regarding the discovery dispute.

### III. Fees

As the Motion is denied, Plaintiffs' request for attorneys' fees and costs associated with bringing the Motion and request for sanctions is denied.

### IV. Conclusion

For the above reasons, the portion of the Motion referred to the undersigned is denied. Judge Chun has deferred ruling on the portion of the motion requesting an extension of time. Therefore, the Motion (Dkt. 49) shall remaining pending on Judge Chun's calendar and the Clerk of the Court is directed to refer the remaining portion of the Motion (Dkt. 49 ) to Judge Chun for his consideration.

For any renewed motion regarding the discovery addressed in this order, the parties shall submit it as a joint motion under Local Civil Rule 37(a)(2) and shall do so no later than September 23, 2022. Any documents requiring an *in camera* review shall be submitted as a separate *ex parte* motion under seal at the same time as any joint motion is filed, but in any event, no later than September 23, 2022.

Dated this 17th day of August, 2022.

David W. Christel
United States Magistrate Judge