1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW BECKER, et al.,

              Plaintiffs,

    v.

TIG INSURANCE CO., et al.,

              Defendants.

CASE NO. 3:21-cv-05185-JHC

ORDER

14
15
16
17

      This matter comes before the Court on Defendant TIG Insurance Company's ("TIG") Motion Pursuant to Federal Rule of Civil Procedure 37(c) to Exclude Plaintiffs' Expert Witness. Dkt. # 91. The Court has considered the materials filed in support of, and in opposition to, the motions, and the case file. Being fully advised, the Court GRANTS the motion.

18
19
20
21
22
23
24

      Expert witness disclosures under Fed. R. Civ. P. 26(a)(2) were due July 25, 2022. Dkt. # 38 at 1. The deadline to disclose rebuttal expert testimony under Fed. R. Civ. P. 26(a)(2) was September 6. *Id.* On September 16, Plaintiffs disclosed an expert, J. Kay Thorne, to testify "regarding claim practices, investigations, and WAC 284.30.300-400, RCW 19, and other matters and actions of insurers." Dkt. # 92-1 at 4. Plaintiffs did not provide Mr. Thorne's expert report at that time, *id.*, and Plaintiffs have yet to provide the report, Dkt. # 91 at 3. Plaintiffs

have not disclosed Mr. Thorne's opinions, nor the documents he relied on in forming any opinions.  Dkt. # 92-1 at 4; Dkt. # 91 at 3.

A.      Rule 26(a)(2) Disclosures

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose their expert witnesses "at the time and in the sequence that the court orders."  *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).  *See* Fed. R. Civ. P. 26(a)(2)(D).  For experts "retained or specially employed to provide expert testimony in the case," a party's disclosure must include the expert's signed report with "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them," among other requirements.  Fed. R. Civ. P. 26(a)(2)(B).  Plaintiffs' September 16, 2022, expert disclosure violated Rule 26(a)(2) in two ways.  First, it was untimely because expert witness disclosures were due July 25, 2022.  Dkt. # 38 at 1.  Second, Plaintiffs' disclosure did not include Mr. Thorne's expert report.  Dkt. # 92-1 at 4; Dkt. # 91 at 3.

B.      Rule 37(c)(1) Sanctions

Under Rule 37(c), "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  District courts have "wide latitude" under Rule 37(c) to issue sanctions when a party violates Rule 26.  *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).  In determining whether a violation of a discovery deadline is justified or harmless, district courts may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; [and] (3) the likelihood of disruption of the trial," among other factors.  *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).  "The burden

is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless." *Id.*

Plaintiffs appear to contend that their untimely expert disclosure was justified based on TIG's supplemental interrogatory answers.  Plaintiffs try to connect TIG's supplemental discovery with a 2017 email from a Senior Claims Adjuster.[1]  Dkt. # 100 at 8–9; Dkt. # 101-3 at 2.  But that email seems to relate to a different case, as shown by the email's subject: "Leclair v. Highmark Homes LLC."  Dkt. # 101-3 at 2.  Leclair is not a party in this case.  In any event, Plaintiffs do not meet their burden in proving how this email or TIG's supplemental interrogatory answers justify their untimely and incomplete expert witness disclosure.

Plaintiffs say, in conclusory fashion, that their delay does not prejudice TIG.  Dkt. # 100 at 8.  The Court disagrees.  TIG's expert witness strategy included no consideration of Plaintiffs' expert's opinions.  *See Goodman*, 644 F.3d at 827 (holding that an expert witness disclosure more than a month after the discovery deadline was "obvious prejudice") ("Because Goodman had not yet disclosed any expert reports, Staples made its decisions regarding defense experts under the belief that Goodman's non-medical experts would not be testifying in her case-in-chief.").  Should Plaintiffs be permitted to rely on Mr. Thorne's opinions, TIG could not submit rebuttal expert testimony without the Court modifying the case schedule because the discovery deadline has passed.  Further, because Plaintiffs have not yet provided Mr. Thorne's expert report, TIG cannot depose Mr. Thorne about his opinions therein.  *See Yeti by Molly*, 259 F.3d at 1107 (upholding exclusion of an untimely disclosed expert report because plaintiffs would have needed to depose expert and prepare its examination at trial after receiving report just twenty-

---

[1] Plaintiffs do not provide the source of this email.  *See* Dkt. # 100 at 6 ("This email was found earlier, but all the pieces did not come together until TIG's supplemental answers to discovery. . . . This email was not produced for a reason.").

eight days before trial).  Although Plaintiffs offer to produce Mr. Thorne for a deposition, Dkt. #

100 at 8–9, accommodating Plaintiffs would require changing the case schedule to allow TIG to

both depose Mr. Thorne after he produces his expert report and rebut Mr. Thorne's opinions

through TIG's own expert reports.  The Court will not disrupt the trial schedule for this reason

alone.  *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Courts

set such schedules to permit the court and the parties to deal with cases in a thorough and orderly

manner, and they must be allowed to enforce them, unless there are good reasons not to.").

For the above reasons, the Court GRANTS the motion to exclude Mr. Thorne's

testimony.  Dkt. # 91.

Dated this 15th day of November, 2022.


John H. Chun
United States District Judge

ORDER - 4