JUDGE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW BECKER, a Washington resident; LAUREN KUEHNE, a Washington resident; ADAM CRISWELL, a Washington resident; KRYSTAL CRISWELL, a Washington resident; ALFEE DIXON, a Washington resident; TYSON FARLEY, a Washington resident; DONALD FINISTER SR., a Washington resident; CHRISTOPHER HART, a Washington resident; JASON KOVACK, a Washington resident; RICKY LORENSIUS, a Washington resident; HEATHER MAREK, a Washington resident; MICHAEL MARTIN, a Washington resident; DAISEY MARTINEAR, a Washington resident; GRACE MATEIAK, a Washington resident; IAN MATEIAK, a Washington resident; JOHN MELOPRIETO, a Washington resident; TRAVIS NEUMAN, a Washington resident; ARIEL NEUMAN, a Washington resident; MICHELLE PAULINO, a Washington resident; JOHN PAULINO, a Washington resident; JAMES RAMPONI, a Washington resident; LINDSEY RAMPONI, a Washington resident; ERIC MCCANDLESS, a Washington resident; PAIGE ROE, a Washington resident; PAUL ROHRER, a Washington resident; ANDREW SICAT, a Washington resident; NICOYA MCKINSEY, a Washington resident; JEREMY SIERRA, a Washington resident; ERICA SIERRA, a Washington resident; DARIUS USMAN, a Washington resident; KRISTEN ZABAGLO, a Washington resident; DAVID WILSON, a Washington resident; IAN LAUGHLIN, a Washington

Case No.  3:21-cv-05185-JHC

**DEFENDANT TIG'S OBJECTION TO PLAINTIFFS' MOTION TO EXCLUDE UNDISCLOSED EVIDENCE AND WITNESSES AND SANCTIONS PURSUANT TO FRCP 26(g) AND FRCP 11**

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS' MOTION TO EXCLUDE UNDISCLOSED EVIDENCE AND WITNESSES AND SANCTIONS PURSUANT TO FRCP 26(g) AND FRCP 11 - 1
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  resident; SHELLY LAUGHLIN, a
   Washington resident; TAMMARA
2  BOYLES, a Washington resident; and
   BOBBY BOYLES, a Washington resident;
3  LAIN SUPE, a Washington resident; TIM
   WRIGLEY, a Washington resident; BILLY
4  LUNSFORD, a Washington resident;
   ROBIN LUNSFORD, a Washington
5  resident; CAMERON FLEWELLEN, a
   Washington resident; CHELSEA
6  FLEWELLEN, a Washington resident;
   MOHAMMAD SIDDIQUE, a Washington
7  resident; AMY HO, a Washington resident;
   MATTHEW GROFF, a Washington resident,
8
                                    Plaintiffs,
9          v.

10 TIG INSURANCE COMPANY, as successor
   by merger to AMERICAN SAFETY
11 INDEMNITY COMPANY, a foreign insurer;
   ARCH EXCESS & SURPLUS
12 INSURANCE COMPANY, a foreign
   insurer; UNITED SPECIALTY
13 INSURANCE COMPANY, a foreign
   insurer; TRAVELERS INDEMNITY
14 COMPANY, a foreign insurer; ARCH
   INSURANCE GROUP, a foreign insurer;
15 ATLANTIC CASUALTY INSURANCE
   COMPANY, a foreign insurer; NEVADA
16 CAPITAL INSURANCE COMPANY, a
   foreign insurer; NAUTILUS INSURANCE
17 COMPANY, a foreign insurer; WESTERN
   WORLD INSURANCE, a foreign insurer;
18 OHIO CASUALTY INSURANCE
   COMPANY, a foreign insurer; PREFERRED
19 CONTRACTORS INSURANCE CO. RRG
   LLC, a foreign insurer;
20                                  Defendants.

21

22         Defendant TIG objects to Plaintiffs' Motion to Exclude Undisclosed Evidence and

23 Witnesses and Sanctions Pursuant to FRCP 26(g) and FRCP 11, in which Plaintiffs seek to exclude

24 evidence that they allege TIG did not disclose. Plaintiffs' motion should be denied because TIG

25 has properly complied with all disclosure requirements, and Plaintiffs completely ignore the fact

26 that TIG disclosed certain documents and individuals in its initial disclosures and supplemented

27 its discovery responses as required by Rule 26(e). Furthermore, Plaintiffs failed to follow the

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 2
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

procedures outlined in Rule 11, which are mandatory. Plaintiffs' Motion is not grounded in fact or law and should be dismissed in all respects.

## I.  Relevant Facts and Procedural Background

TIG timely served its initial disclosures on June 15, 2021. (Decl. of Stephania Denton, ¶ 2.) Plaintiffs served their initial disclosures over a month late on July 22, 2021. (Denton Decl. at ¶ 3, Ex. 2, pg. 15.) In its initial disclosures, TIG identified the following individuals under Rule 26(a)(1)(A)(i) as likely to have discoverable information, providing an address if known, and stating the subjects of information as follows:

> **ASIC, c/o Lane Powell PC**: Representatives of ASIC and/or RiverStone Claims Management have knowledge or information relating to policy terms, conditions, exclusions, claim investigation, the scope of the tender to ASIC, Communications between ASIC and Highmark, and possibly other matters pertinent to these proceedings.

> **Attorneys in the Underlying Matter**:
> **Todd Skoglund, Skoglund Law LLC**
> **Zachary McIsaac, Ashbaugh Beal**
> **Betsy Gillaspy, Gillaspy & Rhode PLLC**

> These attorneys may have knowledge regarding Plaintiffs' efforts to recover damages from Highmark Homes, LLC, relating to the alleged losses and damages at East Park; communications with ASIC; communications, negotiations and agreements between and among plaintiffs, Highmark, other insurers, and other parties to the underlying litigation; and possibly other matters pertinent to these proceedings.

(Denton Decl., Ex. 1, pg. 4-5.) (TIG notes for the Court that the Initial Disclosures referred to by Plaintiffs at Dkt. 50-63 were served in a different matter, *Logg et al. v. TIG*, Case No. 3:21-cv-05280-DGE.)

Under Rule 26(a)(1)(A)(ii), TIG identified the following documents that it may have in its possession, custody, or control and use to support its claims: its policies that were issued to Highmark; Highmark's policy applications; correspondence between and among ASIC, Highmark, counsel and parties involved in the underlying litigation, and other insurer(s); documents relating to the underlying litigation; documents relating to the work of Highmark and its subcontractors at East Park; documents produced in the underlying litigation relating to

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 3
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1   plaintiffs' claimed damages; documents relating to Highmark's defense to Plaintiffs' claims in the

2   underlying litigation relating to plaintiffs' claimed damages; documents relating to Highmark's

3   defenses to Plaintiffs' claims in the underlying litigation; documents relating to negotiations and

4   agreements reached in the underlying litigation between plaintiffs, Highmark, and other insurer(s).

5   (*Id.* at pp.. 5-6.)

6          Plaintiffs have filed numerous unsuccessful motions attacking TIG's discovery responses.

7   For example, Plaintiffs filed an omnibus motion to strike "boilerplate objections," remove

8   redactions, and compel responses to their Requests for Production without objections ("First

9   Motion to Compel").  (Dkt. 44.) The First Motion to Compel was denied because plaintiffs did not

10  file a reply and the law does not support the relief they requested. (Dkt. 48.) Plaintiffs filed a

11  second omnibus discovery motion, seeking to strike TIG's responses to Requests for Production,

12  deny all TIG's objections to plaintiffs' Requests for Production, and compel production ("Second

13  Motion to Compel"). (Dkt. 49.) TIG filed its objection to that motion and Plaintiffs replied. (Dkt.

14  52, 55.)

15         The Second Motion to Compel was referred to a Magistrate Judge who heard the matter

16  and at oral argument ordered the parties to meet and confer about outstanding discovery issues.

17  Later, the Court issued an order denying Plaintiffs' Second Motion to Compel and requiring that

18  counsel meet and confer to try to resolve any outstanding discovery issues, and, should the parties

19  be unable to agree, that any additional discovery issues be submitted to the Court via joint motion

20  under LCR 37 by September 23, 2022. (Dkt. 63, p. 10.) The operative case scheduling order

21  required that all other motions related to discovery be filed by September 6, 2022. (Dkt. 38.) The

22  parties conferred and were unable to resolve all issues. Plaintiffs and TIG cooperated on a joint

23  submission pursuant to LCR 37 addressing TIG's interrogatory responses. Plaintiffs then filed the

24  agreed LCR 37 Submission addressing interrogatories and a purported LCR 37 Submission

25  addressing TIG's responses to Plaintiffs' Requests for Production, which had never been shared

26  with TIG. (Dkt. 81 and 82.) The Court denied Plaintiffs' purported LCR 37 Submission on RFPs

27  because Plaintiffs filed it unilaterally. Dkt. 86. And the Court rejected Plaintiffs' requested relief

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 4
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1   with respect to seventeen of TIG's interrogatory responses and ordered that TIG provide a response

2   to only two interrogatories. Dkt. 86. TIG provided the required supplemental interrogatory

3   responses as ordered by the Court. (Dkt. 113-1; Denton Decl. ¶ 4.)

4        TIG provided its claim file to Plaintiffs in October 2021. The documents within the claim

5   file identify claims analysts who worked on the claim or issued letters to the insured or insured's

6   counsel regarding the claims. Plaintiffs have referred to numerous of these documents throughout

7   this litigation. (*See, e.g.*, Dkt. 45-70, pp. 296-317; Dkt. 2, pp. 1594-1604, 1624-26; Dkt. 99, ¶ 7

8   (listing documents identifying claims analysts Barry Neville, Dkt. 80-14, 80-15; Leslee Noland,

9   Dkt. 80-33, 80-35).) Citing to TIG's Supplement to Its Interrogatory Responses, Plaintiffs allege

10  that "the Court ordered TIG to provide names of its witnesses." (Dkt. 112, p. 11.) In its Order on

11  the parties' joint LCR submission, the Court ordered TIG to provide a more fulsome response to

12  interrogatory number 9 rather than refer the Plaintiffs' to the claim file.  (Doc. 86, p. 8.) Plaintiffs'

13  Interrogatory No. 9 asked TIG to identify each person that TIG and RiverStone utilized to evaluate

14  Highmark's claim and the related issues. (*Id.*) Plaintiffs appear to misconstrue the Court's Order

15  as an order for TIG identify its witnesses. (Dkt. 112, p. 11.) In accordance with the Court's order

16  TIG served its updated answer to Interrogatory No. 9 on November 3, 2022. (Denton Decl. ¶ 4.)

17  Prior to filing their first amended complaint in this matter, Plaintiffs were aware of the identities

18  of many  the individuals named therein. (*See* Dkt. 2, pp. 1594-1604, 1624-26.) Despite that

19  knowledge and the fact that TIG named representatives of TIG and RiverStone as individuals with

20  discoverable information, Plaintiffs took no depositions in this case. (Denton Decl. at ¶ 6.)

21       Plaintiffs' filed a Motion for A Trial Continuance And Related Dates or Relief From The

22  Dispositive Motion Deadline (Trial Continuance Motion) in which they alleged that TIG had failed

23  to produce 55 specific documents. (Dkt. 97.) TIG filed a response, stating that TIG did produce 13

24  of the documents referred to by Plaintiffs, that 9 of the documents referred to by Plaintiffs related

25  to defense of other claims by the same insured, and 31 of the documents related to Highmark's

26  defense and were communications between Highmark and defense counsel and "there was no

27

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 5
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

indication that had ever been shared with TIG." (Dkt. 98, p. 6; Dkt. 99, ¶¶ 7, 8, and 9.) The Court denied Plaintiffs' Trial Continuance Motion. (Dkt. 105.)

In response to Plaintiffs' concerns that TIG did not produce all documents that should be in the claim file, TIG searched for additional documents and identified a few additional documents that arguably could have been placed in the claim file related to the Becker matter, which were produced to Plaintiffs on December 2, 2022 with Bates-stamps ASIC 001177 to 001296. (Dkt. 113-4, p. 2.) In particular, Plaintiffs take issue with the fact that TIG did not produce an email from Highmark's other insurer to a RiverStone claims adjuster who was working on a *different* Highmark matter. (Dkt. 112, p. 4.) That email states that Highmark's insurance policy with Hannover is a "burning limits policy." (*Id.*) It remains TIG's position that that email is not relevant or responsive to Plaintiffs' document requests. The documents included in TIG's supplemental production are not the same documents Plaintiffs previously alleged should have been produced. (Denton Decl. ¶ 7.) For the reasons previously stated by TIG and ruled on by the Court in its order in its resolution to Plaintiffs' Trial Continuance Motion, those documents do not relate to this case or were not in TIG's custody or control.

The relief requested in Plaintiffs' Motion to Exclude should be denied. Plaintiffs rehash old arguments that have already been denied and completely misrepresent the facts. Plaintiffs now ask this Court to exclude all witnesses and documents that they allege TIG did not "identify disclose, or produce in its initial disclosures, discovery answers, responses, or its supplemental responses before the discovery deadline." (Dkt. 112, p. 3.) However, TIG did identify all the individuals or entities Plaintiffs claim weren't disclosed. Plaintiffs allege that TIG's supplemental responses are not signed in accordance with Rule 26(g) and ask the Court to exclude certain evidence on that basis. However, the supplemental discovery responses were signed in accordance to Rule 26(g). They also request that the Court award sanctions under Fed. R. Civ. P. 26 and 11. However, the request for sanctions is not grounded in fact or law and should be rejected.

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 6
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## II.  Argument

Plaintiffs fail to raise any cognizable claim in their motion. Their assertion that TIG failed to disclose certain documents or individuals in its initial disclosures is simply not true. Plaintiffs continually mischaracterize TIG's disclosures, declarations, and discovery responses in a spurious attempt to exclude witnesses and evidence that TIG disclosed from the beginning. Furthermore, without any prior notice to TIG's counsel, Plaintiffs seek sanctions under Rule 11. There is no basis for TIG or its counsel to be sanctioned as it has disclosed the material that plaintiffs alleged was not disclosed. Furthermore, TIG supplemented its production under Rule 26(e) and the documents produced after the close of discovery should not be excluded.

### A.    Standard

Under Rule 37(c)(1), if a "party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party facing the sanction bears the burden of demonstrating that the failure to disclose was substantially justified or harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008). Rule 26(e) requires a party to "supplement or correct its disclosure or [discovery] response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 11, after notice and a reasonable opportunity to respond, the Court may sanction an attorney or party who violates its duty of candor to the Court. Fed. R. Civ. P. 11(c). "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 385, 393, 110 S.Ct. 2447, 110 L.Ed. 2d 359 (1990)). "A motion for sanctions may not be filed, however, unless there is strict

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 7
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

compliance with Rule 11's safe harbor provision." *Id.* (citing *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) (holding that we "enforce [Rule 11's] safe harbor provision strictly"); *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 2005)). The safe harbor provision requires that "any motion for sanctions be served on the offending party at least 21 days before the motion is filed with the court. *Id.* (citing Fed. R. Civ. P. 11(c)(2)).

**B.    Plaintiffs' Motion to Exclude must be denied because TIG met its obligations to make initial disclosures under Rule 26(a) and there has been no prejudice to Plaintiffs**

Rule 26 requires the "identification of potential witnesses because '[a] major purpose of the initial disclosure requirements is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information.'" *Liberty Ins. Co. v. Brodeur*, 41 F.4th 1185, 1190 (9th Cir. 2022) (quoting *R & R Sails Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments) (internal quotation marks omitted)). The Rule requires simply "identification of individuals 'likely to have discoverable information' at the outset of discovery" and does not place "substantive limits" on a disclosed individual's trial testimony after discovery. *Id.* (citing Fed. R. Civ. P. 26(a)(1)(A)(i)).

### 1.    TIG disclosed Gillaspy & Rhode in its initial disclosures

Plaintiffs argue that TIG had an obligation to disclose Gillaspy & Rhode in its initial disclosures and provide "the subjects of information their testimony would include." Dkt. 112, p. 11. TIG did exactly that. It disclosed Gillaspy & Rhode and listed information it may provide, including information about Plaintiffs' claims in the underlying suit, information about Plaintiffs' damages in the underlying suit and information about the underlying litigation itself. In doing so, TIG fulfilled the requirements of Rule 26(a). TIG stated in its supplemental response to Plaintiffs' Interrogatory No. 9 that "TIG and RiverStone employees relied on Highmark's defense counsel from the firm Gillaspy & Rhodes, Betsy Gillaspy and Patrick McKenna, to provide information regarding litigation of the underlying matter." Dkt. 101-2, p. 4. Plaintiffs attempt to mischaracterize this statement, arguing that it is inconsistent with TIG's initial disclosures—but it

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 8
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

says the same thing as the initial disclosures. The statement is consistent with TIG's initial disclosures, which say that Gillaspy & Rhode may have knowledge regarding Plaintiffs' efforts to recover damages from Highmark Homes, LLC, *relating to the alleged losses and damages at East Park; communications with ASIC*; *communications, negotiations and agreements between and among plaintiffs, Highmark, other insurers, and other parties to the underlying litigation*; and possibly other matters pertinent to these proceedings. (Emphasis added.) Plaintiffs' allegations that TIG failed to disclose Gillaspy & Rhode are incorrect and must be rejected.

**2.      TIG had no duty to produce documents in the possession of Highmark's defense counsel Gillaspy & Rhode**

TIG did not have possession, custody, or control over documents of Gillaspy & Rhode related to the defense of Highmark; therefore, TIG had no duty to produce those documents. Furthermore, upon disclosing Gillaspy & Rhode as a third party with discoverable information that TIG may rely upon, TIG alerted Plaintiffs to the need to take discovery from Gillaspy & Rhode. As Highmark's insurer, TIG had the right to select Highmark's defense counsel. *See Weinstein & Riley, P.S. v. Westport Ins. Corp.*, 2011 WL 887552, at *19 (W.D. Wash. Mar. 14, 2011). However, once selected, that counsel owes a duty of loyalty to the insured. *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 388-89, 715 P.2d 1133 (1986). "Both retained defense counsel and the insurer must understand that only the *insured* is the client" of defense counsel retained by the insurance company on behalf of the insured. *Id.*, at 388. Under such circumstances, "the relationship between an insurer and defense counsel cannot properly be characterized as that of principal and agent." Harris, 1 Washington Insurance Law § 17.05 (3d Ed.) (Matthew Bender, Rev. Ed.) (analyzing an insurer's liability for negligent or bad-faith conduct of defense counsel in defense of insured).

Moreover, Plaintiffs confirmed they received documents directly from Gillaspy & Rhode. In its Requests for Production to Plaintiffs, TIG requested from Plaintiffs the documents they received from Gillaspy & Rhode. Plaintiffs directed TIG to Gillaspy & Rhode to request directly from it the documents it had produced to Plaintiffs. Federal Rule of Civil Procedure 26(e) requires a party to supplement its document production only when the "additional or corrective information

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 9
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  has not otherwise been made known to the other parties during the discovery process." Here, TIG

2  sought only documents that were already in Plaintiffs' possession.

3       Plaintiffs make the same arguments here that they made in their Trial Continuance Motion,

4  which were rejected by the Court. Plaintiffs have the documents at issue, which were never in the

5  custody or control of TIG. Plaintiffs' request under Rule 37(c) that the Court preclude TIG any

6  documents or witnesses from Gillaspy and Rhode should be rejected.

7       **3.    TIG properly disclosed representatives of ASIC (now TIG) and RiverStone in**

8  **its Initial Disclosures**

9       In its initial disclosures, TIG disclosed that a representative of ASIC (not TIG as successor

10 by merger) or RiverStone may have discoverable information about policy terms, conditions, and

11 exclusions; claim investigation; the scope of the tender to ASIC; communications between ASIC

12 and Highmark; and possibly other matters pertinent to these proceedings. This disclosure satisfies

13 the requirements of Rule 26(a).

14      A disclosure of a corporate representative satisfies Rule 26(a) for the purposes of initial

15 disclosures because such a disclosure "adequately notified Plaintiff that Defendants might use

16 information from company representatives to support their claims or defenses." *Krawczyk v.*

17 *Centurion Capital Corp.*, 2009 WL 395458, at *6 (N.D. Ill. Feb. 18, 2009). Such an interpretation

18 "comports with the Federal Rules' separate treatment of corporations and individuals during

19 discovery." *Moore v. Computer Associates Intern., Inc.*, 653 F. Supp. 2d 955, 959 (D. Ariz. 2009).

20 A party requesting information from a corporation in discovery need not serve a notice of

21 deposition or interrogatory upon a particular officer or agent of the corporation. *Id.* "Rather, the

22 moving party need only submit the interrogatory or deposition questions to corporate counsel and

23 the corporation is then required to designate an agent or officer with sufficient knowledge to be

24 deposed or to answer the interrogatory." *Id.* at 960.

25      Where a party discloses reliance on a corporate representative and the opposing party does

26 not serve a notice of Rule 30(b)(6) deposition in order to determine and depose a corporate witness

27 before trial, it is that party's failure, not a Rule 26(a) violation on the part of the corporate party.

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 10
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1   *Jones v. RealPage, Inc.*, 2020 WL 6149969, at *3-*4 (N.D. Tex. Oct. 19, 2020). Plaintiffs did not

2   take a Rule 30(b)(6) deposition or any other deposition in this case. They failed to utilize that tool

3   of discovery to seek discoverable information from TIG or RiverStone and their motion regarding

4   the sufficiency of TIG's disclosure of TIG and RiverStone should be denied.

5          Plaintiffs argue, without citation to legal authority, that through its initial disclosures, TIG

6   agreed to accept service of trial subpoenas upon TIG or RiverStone employees. TIG is unaware of

7   any legal authority that imposes such a duty on litigants and objects to Plaintiffs'

8   mischaracterization of TIG's initial disclosures in this manner.

9          The Court should reject Plaintiffs' request to exclude representatives of TIG or RiverStone

10  as witnesses because they were properly disclosed in TIG's initial disclosures. Furthermore,

11  Plaintiffs could have utilized a 30(b)(6) deposition to get testimony from TIG or RiverStone or

12  Plaintiffs could have deposed individuals who signed relevant letters to the insured, or were

13  otherwise identified in the claim file, which they had prior to filing suit or received during

14  discovery. Plaintiffs did none of that. TIG properly disclosed individuals who may have

15  information it may use to support its claims and defenses and Plaintiffs have not been prejudiced

16  in any way—thus requiring denial of their motion under Rule 37(c) to exclude witnesses from TIG

17  or RiverStone.

18  **C.   Plaintiffs' Motion to Exclude certain documents must be rejected because TIG met
        its obligation to supplement under Rule 26(e) and to certify under Rule 26(g)**

19

20          **1.   TIG's supplement to its production satisfies the requirements of Rule 26(e)**

21          Sanctions under Rule 37 are not appropriate where a party complied with the requirements

22  of Rule 26(a) or 26(e). *See* Fed. R. Civ. P. 37(c)(1). Rule 26(e) requires that a party supplement

23  any  discovery response it knows to be incorrect or incomplete in a timely manner. Fed. R. Civ. P.

24  26(e). A supplement is made in a "timely manner" if it is "made as soon as possible." *Malozienc*

25  *v. Pac. Rail Servs.*, 572 F. Supp. 2d 939, 943 (N.D. Ill. 2008) (denying motion to exclude

26  documents produced under Rule 26(e) more than seven months after the close of discovery because

27  they were produced "as soon as possible"); *see also Cleveland v. The Behemoth*, 2021 U.S. Dist.

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 11
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  LEXIS 101685, at *3 (S.D. Cal. May 27, 2021) (listing cases); *Hummer v. Burlington Northern &*
2  *Santa Fe Ry.*, 2006 U.S. Dist. LEXIS 88346, at *8 (C.D. Ill. Dec. 6, 2006) (holding that
3  supplemental production under Rule 26(e) was made within nine days of becoming aware of
4  surveillance tapes).

5        Here TIG met the requirements of Rule 26(e) because TIG searched for and found
6  additional documents in response to Plaintiffs' unfounded allegations that over 50 documents were
7  missing from TIG's claim file related to the Becker matter. The documents that were omitted from
8  the claim file were not the same documents that Plaintiffs allege were missing, for the reasons
9  stated in TIG's response to that motion. *See* Dkt. 98, pg 6.  TIG completed that search on November
10  22, 2022 and provided those documents to its Counsel. The supplemental production includes
11  emails that arguably could have been included in the claim file related to this matter, on which
12  RiverStone's adjuster was copied, which discuss defense or settlement of the Highmark claims.
13  The information in many of the documents is reflected on the adjuster's electronic claim notes or
14  was sent after TIG denied indemnity coverage and withdrew its defense and closed its claim file.
15  Counsel for TIG produced the documents to Plaintiffs on December 2, 2022, within 10 days of
16  receiving them. TIG produced the documents as soon as possible and without delay.

17        **2.      Even if the Court finds TIG did not comply with Rule 26(e)'s timeliness**
18  **requirement, Plaintiffs' Motion to Exclude should be rejected because the late disclosure was**
19  **harmless**

20        TIG's compliance with Rule 26(e) makes Rule 37(c) inapplicable. But even if the Court
21  determines that TIG did not comply with Rule 26(e), the Court must consider whether TIG's
22  violation was "harmless or substantially justified." *Russell v. GC Servs. Ltd. P'ship*, 476 F. Supp.
23  3d 1097, 1101 (E.D. Wash. 2020); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,
24  1106 (9th Cir. 2001). In this instance, the failure was harmless because other records produced to
25  Plaintiffs during discovery contain the same information. For example, in its supplemental
26  production, TIG produced an email dated October 23, 2018 from Highmark's National
27  Coordinating Counsel ("NCC") Bill Morrow to Gillaspy & Rhode (on which the RiverStone

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 12
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

adjuster is copied), which states that NCC is retaining Lily Lee as local defense counsel in place of Gillaspy & Rhode. Dkt. 113-5, p. 2. TIG's claim notes, which were produced to Plaintiffs during discovery, contain an entry by the RiverStone adjuster, dated October 24, 2018 that states: "Email from NCC retaining Lily Lee as local NI DC, will be substituting in for current firm, Gillaspy & Rhodes." Denton Decl. Ex. 2. Similarly, TIG's supplemental production included an email from NCC to Lily Yee to ensure that Ms. Yee was aware that TIG would withdraw its defense as of December 15, 2018. Prior to that date, TIG sent Highmark a letter stating it would be withdrawing its defense, and that letter was produced to Plaintiffs during discovery and was attached to Plaintiffs' First Amended Complaint. *See* Dkt. 2, pp. 1594-1603, 1624-26. Other documents included in the production are emails received by the RiverStone claims adjuster after RiverStone denied Highmark's claim and withdrew its defense.

Plaintiffs have not explained how they have been prejudiced or harmed. And in fact, Plaintiffs were not prejudiced because other documents were produced by TIG during discovery reflecting the same information. Because these records were produced as soon as possible and the delay was harmless, Plaintiffs' motion to exclude these documents should be denied.

### 3.    TIG properly certified its discovery responses under Rule 26(g)

Federal Rule of Civil Procedure 26(g) requires that the attorney of a represented party sign each disclosure or discovery response, which signifies that the attorney certifies the response is consistent with the rules and warranted by existing law or non-frivolous argument, and not interposed for any improper purpose and not unreasonable or unduly burdensome. Each of the supplemental discovery responses were signed in accordance with Rule 26(g). Plaintiffs argue that "TIG failed to certify three sets of discovery," but this is patently false. *See* Dkt. 113-1; Dkt. 113-2; and Dkt. 113-4.

Rule 26(g)(2) provides that the court may strike an *unsigned* discovery response, but there is no legal authority to strike or exclude discovery responses where the signature is merely deficient. Furthermore, Plaintiffs failed to raise this issue with TIG with respect to TIG's supplemental interrogatory responses. With respect to TIG's supplement adding additional

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 13
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1   documents to its previous productions, TIG believes that the cover letter appropriately supplements

2   its prior responses in writing as required by Rule 26(e).

**D.      Sanctions under Rule 11 are unwarranted and should not be granted**

4          Plaintiffs' request for sanctions under Rule 11 should be denied. TIG's counsel takes very

5   seriously its obligations under Rule 11. TIG's initial disclosures provide the information Plaintiffs

6   allege is missing. Additionally, Plaintiffs failed to follow the procedures in Rule 11, which are

7   mandatory and require that a party serve its proposed Rule 11 motion on the opposing party 21

8   days before filing it with the Court. *See Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872

9   (9th Cir. 2014) citing *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005). Additionally, Rule

10  11 requires that "a motion for sanctions must be made separately from any other motion." Fed. R.

11  Civ. P. 11(c). Here, Plaintiffs have sought relief under Rules 37 and 11 and it is difficult to

12  determine which allegations the Plaintiffs believe warrant sanction under Rule 11.

### III.   Conclusion

14         The Court should deny Plaintiffs' Motion because they are not entitled to the relief they

15  seek. They rely on misstatements of fact and mischaracterizations of the law.

16         Dated: January 3, 2023

17                                                LANE POWELL PC

18

19                                                By:   *s/ Stephania C. Denton*
                                                       Stephania C. Denton, WSBA No. 21920
20                                                     Angela Foster, WSBA No. 52269
                                                       1420 Fifth Avenue, Suite 4200
21                                                     P.O. Box 91302
                                                       Seattle, Washington 98111-9402
22                                                     Telephone:  206.223.7000
                                                       dentons@lanepowell.com
23                                                     fostera@lanepowell.com
24                                                Attorneys for Defendant TIG

25

26

27

DEFENDANT TIG'S OBJECTION TO PLAINTIFFS'
MOTION TO EXCLUDE UNDISCLOSED EVIDENCE
AND WITNESSES AND SANCTIONS PURSUANT
TO FRCP 26(g) AND FRCP 11 - 14
CASE NO. 3:21-cv-05185-JHC
121711.0112/9230683.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107