JUDGE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| MATTHEW BECKER, a Washington resident; LAUREN KUEHNE, a Washington resident; ADAM CRISWELL, a Washington resident; KRYSTAL CRISWELL, a Washington resident; ALFEE DIXON, a Washington resident; TYSON FARLEY, a Washington resident; DONALD FINISTER SR., a Washington resident; CHRISTOPHER HART, a Washington resident; JASON KOVACK, a Washington resident; RICKY LORENSIUS, a Washington resident; HEATHER MAREK, a Washington resident; MICHAEL MARTIN, a Washington resident; DAISEY MARTINEAR, a Washington resident; GRACE MATEIAK, a Washington resident; IAN MATEIAK, a Washington resident; JOHN MELOPRIETO, a Washington resident; TRAVIS NEUMAN, a Washington resident; ARIEL NEUMAN, a Washington resident; MICHELLE PAULINO, a Washington resident; JOHN PAULINO, a Washington resident; JAMES RAMPONI, a Washington resident; LINDSEY RAMPONI, a Washington resident; ERIC MCCANDLESS, a Washington resident; PAIGE ROE, a Washington resident; PAUL ROHRER, a Washington resident; ANDREW SICAT, a Washington resident; NICOYA MCKINSEY, a Washington resident; JEREMY SIERRA, a Washington resident; ERICA SIERRA, a Washington resident; DARIUS USMAN, a Washington resident; KRISTEN ZABAGLO, a Washington resident; DAVID WILSON, a | Cause No. 3:21-cv-05185-JHC<br><br>PLAINTIFFS' RESPONSES TO TIG'S MOTIONS IN LIMINE<br><br>Noting Date: January 13, 2023 |

PLAINTIFFS' RESPONSES TO TIG'S MOTIONS
IN LIMINE - 1
(Cause No. 3:21-cv-05185-JHC)

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 425.406.6777

| | |
|---|---|
| 1 | Washington resident; IAN LAUGHLIN, a Washington resident; SHELLY LAUGHLIN, a Washington resident; TAMMARA BOYLES, a Washington resident; and BOBBY BOYLES, a Washington resident; LAIN SUPE, a Washington resident; TIM WRIGLEY, a Washington resident; BILLY LUNSFORD, a Washington resident; ROBIN LUNSFORD, a Washington resident; CAMERON FLEWELLEN, a Washington resident; CHELSEA FLEWELLEN, a Washington resident; MOHAMMAD SIDDIQUE, a Washington resident; AMY HO, a Washington resident; MATTHEW GROFF, a Washington resident; |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | Plaintiffs,<br>vs. |
| 11 | |
| 12 | TIG INSURANCE COMPANY, as successor by merger to AMERICAN SAFETY INDEMNITY COMPANY, a foreign insurer; ARCH EXCESS & SURPLUS INSURANCE COMPANY, a foreign insurer; UNITED SPECIALTY INSURANCE COMPANY, a foreign insurer; TRAVELERS INDEMNITY COMPANY, a foreign insurer; ARCH INSURANCE GROUP, a foreign insurer; ATLANTIC CASUALTY INSURANCE COMPANY, a foreign insurer; NEVADA CAPITAL INSURANCE COMPANY, a foreign insurer; NAUTILUS INSURANCE COMPANY, a foreign insurer; WESTERN WORLD INSURANCE, a foreign insurer; OHIO CASUALTY INSURANCE COMPANY, a foreign insurer; PREFERRED CONTRACTORS INSURANCE CO. RRG LLC, a foreign insurer; |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | Defendants. |

PLAINTIFFS' RESPONSES TO TIG'S MOTIONS IN LIMINE - 2
(Cause No. 3:21-cv-05185-JHC)

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 425.406.6777

I. **<u>INTRODUCTION</u>**

COMES NOW the plaintiffs, through their attorneys of record, respond to TIG's motions *in Limine.* Although the homeowners sent TIG drafts of their motions in Limine on December 22, 2022, a week before they were required to do so, the parties could not meet and confer. As testified under oath in the homeowner's counsel declaration, his daughter came home with a violate and devasting flu or another bug. After caring for his daughter for 36 hours or so and getting s few hours of reprieve to work, the bug hit him. The reason a conference was not possible is presented in Mr. Skoglund's declaration.

TIG presents seven issues to the court it would like to prevent the homeowners from presenting evidence and arguments on. If the homeowners understand the issue and reasoning presented by TIG, they do not have any objection in theory to TIG'S first and third motions in Limine. Still, they may assert or present a scenario that TIG will need to address to confirm that the parties are on the same page.

The homeowners reject the remainder of TIG's motions *in lime* as they are prejudicial and would cause severe confusion in the jury. TIG attempts to use its motions *in Limine* to compartmentalize its duty of good faith and the claims remaining into an imaginary box in which it determines the length, width, and height. The Washington legislature and judiciary dictate that an insured's duty of good faith starts when there is a tender of the claims, whether there is a duty to defend or not, and runs through the entire claim handling process or "investigation" in the Unfair Claims Settlement Practices Regulation. Washington Administrative Code 284.30.300-400 & 284.30.320(11). Which provides an "'Investigation,' means all activities of the insurer directly or indirectly related to the determination of liabilities

PLAINTIFFS' RESPONSES TO TIG'S MOTIONS IN LIMINE - 3
(Cause No. 3:21-cv-05185-JHC)

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 425.406.6777

1  under coverages afforded by an insurance policy or insurance contract." 284.30.320(11).

2  Therefore, every task and activity performed by TIG or RiverStone from the start to the end of

3  the underlying matter is relevant.

4  For instance, under Washington law, the "business of insurance is one affected by the

5  public interest, requiring that all persons be actuated by good faith, abstain from deception, and

6  practice honesty and equity in all insurance matters." Although a claim of bad faith claims

7  handling is not dependent on the duty to indemnify, settle or defend," the tort of bad faith is a

8  tort in Washington. "It is a cornerstone of insurance law that an insurer may never put its

9  interests ahead of its insured's." *Expedia, Inc. v. Steadfast Ins. Co.*, 180 Wn.2d 793, 803, 329

10 P.3d 59 (2014). Further, to establish bad faith, an insured is required to show the insurer's breach

11

12 was "unreasonable, frivolous, or unfounded." *Kirk v. Mt. Airy Ins. Co.*, 134 Wash.2d 558, 560,

13 951 P.2d 1124 (1998)).

14 The homeowners have just read the court's order relating to their motion for summary

15 judgment; they did even know it was entered until this past weekend, and motions that were

16 already late and needed to be completed finished took precedence over a motion and the order

17 already filed. Although the ramifications of the order are still being thought through and will be

18 worked out via the motions in Limine, pretrial statements, and other filings and ruling on this

19 filed by the court, it is known that there are viable claims to be presented to a jury.

20

21 The homeowners plan on walking RiverStone's claim adjusters and employees through

22 each activity and duty they were required to perform. Thanks to Gillaspy & Rhodes, the

23 homeowners now have evidence, besides the blatant common to keep and relevant claims notes

24 and or claim, that dictates TIG'S' actions and failures to act in good faith were not human errors

25

PLAINTIFFS' RESPONSES TO TIG'S MOTIONS
IN LIMINE - 4
(Cause No. 3:21-cv-05185-JHC)

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 425.406.6777

or mistakes but unreasonable decisions which stole monies from Hannover burning limits policy to pay for TIG's investigating which Highmark had already paid for as proof it premium.

As Newton's third law of motion states, "every action has an equal and opposite reaction," and the jury needs to see both to come to a just decision. The court should reject any attempt by TIG via its motion *in lime* or other motion to keep the entire story from the jury.

## II.   EVIDENCE RELIED UPON

This motion is based on the pleadings and papers previously filed in this lawsuit, together with the fifteenth declaration for Todd Skoglund and the exhibits attached.

## III.   ARGUMENT & AUTHORITY

1. <u>Evidence or argument about Highmark's unilateral/subjective beliefs or expectations about coverage.</u>

The Homeowners agree that the belief or expectations of TIG, RiverStone, or Highmark are not relevant to determine actual coverage is not relevant to determination of coverage. However, TIG's belief in the duty to defend and cover directly relates to its action and why it did or did not do certain things. This entire case, like in every insurance bad faith case, revolves around and starts with an insurer's "belief" on whether or not a complaint "conceivable" alleges a covered claim.

2. <u>Evidence or argument concerning plaintiffs' or Highmark's ability to pay for the judgment and proposed repairs in the absence of insurance coverage.</u>

The Homeowners agree

PLAINTIFFS' RESPONSES TO TIG'S MOTIONS IN LIMINE - 5
(Cause No. 3:21-cv-05185-JHC)

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 425.406.6777

    3.    Evidence or argument regarding the defendant's net worth.

The homeowners agree.

    4.    <u>Evidence or argument regarding premiums paid for the policies at issue.</u>

Under Washington law, an insured pays for any investigations as part of the premium it paid its insurer. An insurer does not provide its insured with a gratuitous investigation; rather, its duty paid for by it is part of the insurance contract. A plaintiff claiming breach of contract "must prove that a valid agreement existed between the parties, the agreement was breached, and the plaintiff was damaged." [*Univ. of Wash. v. Gov't Emps. Ins. Co.*, 200 Wn. App. 455, 467, 404 P.3d 559 (Wash. Div. 1 2017) (citing *Lehrer v. Dep't of Soc. & Health Servs.*, 101 Wn. App. 509, 516, 5 P.3d 722 (Wash. 2000)).

Without evidence of the premium, there was no duty for TIG to do anything. The court should not only deny this motion in Limine, but the rule that TIG cannot argue anything it did was gratuitous as Highmark paid for that service, and the Washington legislature and judiciary dictate TIG "all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters."

    5.    Evidence or argument regarding evidence not previously disclosed in response to a discovery or under applicable rules.

TIG believes that it can hold and control access to almost 100% of the facts, information, and documents, then advocate that the homeowners cannot use anything that slipped its grasp. TIG controlled the flow of all information and documents until the homeowners contacted Gillaspy & Rhodes. Its plan sprung a leak. The homeowners are already being forced to go to trial with an insurer that still has night properly certified responses to

PLAINTIFFS' RESPONSES TO TIG'S MOTIONS IN LIMINE - 6
(Cause No. 3:21-cv-05185-JHC)

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 425.406.6777

discovery in over seven months, has not stated under oath why documents were not produced, has not indicated under oath that there are no additional documents in existence, has not stated under oath what investigation it has conducted to confirm every document in existence has been produced. It now wants this court to enter an order preventing the homeowner from presenting "Evidence or argument regarding evidence not previously disclosed in response to a discovery or under applicable rules."

TIG signed a contract that would perform specific duties such as an investigation, claim to handle, and the duty to defend and indemnify its insured, when necessary, in good faith. Those are the issues in this case and most others bad faith cases. These are the activities and issues the homeowners have sought evidence for over a year and have been rejected at every attempt. The only duty an insured has is to pay the premium, and if it wants a copy of the check, Highmark paid it with a copy that may still exist at the bank.

6. Evidence or argument regarding matters for which no witness testifying at trial has personal knowledge.

TIG refused since day one to identify any witnesses or provide any contact information or general information the individuals may possess. (Dkt. 45, Ex. 70 & 72) The homeowners sent a list of individuals it identified from TIG's initial disclosures and asked if TIG would accept the service of trial subpoenas for TIG and RiverStone's personnel as it stated it would in its initial disclosures. (The fifteenth declaration of Todd Skoglund Ex. 1&2) Not only is TIG refusing to accept the trial subpoenas, but it is also refusing to provide contact information for anyone or identify whether individuals still work at RiverStone or TIG. (Id. Ex. 3 & 4)

It plans on objecting to the homeowners calling any Riverstone personnel if they can get time served. (Ex. 5 & 6)

PLAINTIFFS' RESPONSES TO TIG'S MOTIONS IN LIMINE - 7
(Cause No. 3:21-cv-05185-JHC)

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 425.406.6777

7. <u>Evidence or argument regarding the defendant's handling of claims other than the claim at issue.</u>

The relief requested in this motion in Limine is too broad as the homeowners are not required to produce impeachment materials. The court should reserve its ruling until trial or hearing the motion to exclude evidence and sections.

DATED this third day of January 2023.

                                          **SKOGLUND LAW LLC**

                                          By: <u>/s/ Todd K. Skoglund</u>
                                              Todd K. Skoglund, WSBA #30403
                                              704 228th Ave. NE #186
                                              Sammamish, WA 98074
                                              Telephone: (425) 406-6777
                                              Email: todd@skoglundlaw.com
                                              Attorney for Plaintiffs

PLAINTIFFS' RESPONSES TO TIG'S MOTIONS IN LIMINE - 8
(Cause No. 3:21-cv-05185-JHC)

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 425.406.6777