JUDGE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW BECKER, a Washington resident; LAUREN KUEHNE, a Washington resident; ADAM CRISWELL, a Washington resident; KRYSTAL CRISWELL, a Washington resident; ALFEE DIXON, a Washington resident; TYSON FARLEY, a Washington resident; DONALD FINISTER SR., a Washington resident; CHRISTOPHER HART, a Washington resident; JASON KOVACK, a Washington resident; RICKY LORENSIUS, a Washington resident; HEATHER MAREK, a Washington resident; MICHAEL MARTIN, a Washington resident; DAISEY MARTINEAR, a Washington resident; GRACE MATEIAK, a Washington resident; IAN MATEIAK, a Washington resident; JOHN MELOPRIETO, a Washington resident; TRAVIS NEUMAN, a Washington resident; ARIEL NEUMAN, a Washington resident; MICHELLE PAULINO, a Washington resident; JOHN PAULINO, a Washington resident; JAMES RAMPONI, a Washington resident; LINDSEY RAMPONI, a Washington resident; ERIC MCCANDLESS, a Washington resident; PAIGE ROE, a Washington resident; PAUL ROHRER, a Washington resident; ANDREW SICAT, a Washington resident; NICOYA MCKINSEY, a Washington resident; JEREMY SIERRA, a Washington resident; ERICA SIERRA, a Washington resident; DARIUS USMAN, a Washington resident; KRISTEN ZABAGLO, a Washington resident; DAVID WILSON, a Washington resident; IAN LAUGHLIN, a Washington resident; SHELLY LAUGHLIN, a | Case No. 3:21-cv-05185-JHC<br><br>**DEFENDANT TIG INSURANCE COMPANY'S SECOND SET OF MOTIONS *IN LIMINE***<br><br>***CLERK'S ACTION REQUIRED***<br><br>**Note on Motion Calendar: January 20, 2023** |

DEFENDANT TIG INSURANCE COMPANY'S
SECOND SET OF MOTIONS *IN LIMINE* - 1
CASE NO. 3:21-cv-05185-JHC

121711.0112/9233766.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Washington resident; TAMMARA BOYLES, a Washington resident; and BOBBY BOYLES, a Washington resident; LAIN SUPE, a Washington resident; TIM WRIGLEY, a Washington resident; BILLY LUNSFORD, a Washington resident; ROBIN LUNSFORD, a Washington resident; CAMERON FLEWELLEN, a Washington resident; CHELSEA FLEWELLEN, a Washington resident; MOHAMMAD SIDDIQUE, a Washington resident; AMY HO, a Washington resident; MATTHEW GROFF, a Washington resident,

       Plaintiffs,

 v.

TIG INSURANCE COMPANY, as successor by merger to AMERICAN SAFETY INDEMNITY COMPANY, a foreign insurer; ARCH EXCESS & SURPLUS INSURANCE COMPANY, a foreign insurer; UNITED SPECIALTY INSURANCE COMPANY, a foreign insurer; TRAVELERS INDEMNITY COMPANY, a foreign insurer; ARCH INSURANCE GROUP, a foreign insurer; ATLANTIC CASUALTY INSURANCE COMPANY, a foreign insurer; NEVADA CAPITAL INSURANCE COMPANY, a foreign insurer; NAUTILUS INSURANCE COMPANY, a foreign insurer; WESTERN WORLD INSURANCE, a foreign insurer; OHIO CASUALTY INSURANCE COMPANY, a foreign insurer; PREFERRED CONTRACTORS INSURANCE CO. RRG LLC, a foreign insurer;

       Defendants.

## I. RELIEF REQUESTED

Before trial and before selection of the jury, defendant TIG Insurance Company, as successor by merger to American Safety Indemnity Company ("Defendant" or "TIG"), seeks an order prohibiting the plaintiffs, their attorneys, and their witnesses from directly or indirectly mentioning, referring to, interrogating concerning, or attempting to convey to the jury in any manner any of the facts or allegations relating to any of Plaintiffs' claims that were dismissed on summary judgment as more fully set out below. TIG requests that the Court instruct Plaintiffs'

DEFENDANT TIG INSURANCE COMPANY'S
SECOND SET OF MOTIONS *IN LIMINE* - 2
CASE NO. 3:21-cv-05185-JHC

121711.0112/9233766.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

attorneys to warn and caution each of their witnesses to strictly follow any order entered by the Court with respect to these motions. TIG requests that Plaintiffs be precluded from presenting:

1. Evidence or argument of the existence of Plaintiffs' claims for (1) breach of contract, (2) negligence, (3) negligent misrepresentation, (4) bad faith with respect to Gillaspy & Rhode's services, (5) bad faith with respect to TIG's November 15, 2018 letter, (6) bad faith for withdrawing its defense, (7) equitable estoppel, and (8) violation of the Insurance Fair Conduct Act (IFCA); and

2. Evidence or argument tending to establish any of those claims that is not relevant to the remaining claims at issue at trial.

On December 27, 2023, TIG submitted its Motions *in Limine*, including Motions 1 through 7. Subsequent to that filing, the Court issued its order on the parties' motions for summary judgment. TIG now files this Second Set of Motions *in Limine* to address issues raised by the Court's summary judgment order dismissing many of Plaintiffs' claims.

## II. ARGUMENT

TIG moves the Court to exclude any reference to the Plaintiffs' claims that have been dismissed or evidence tending to prove those claims but not relevant to the remaining claims in the case. The Court should not permit the Plaintiffs to retry issues before a jury that have already been dismissed on summary judgment. Under the long-standing "law of the case doctrine . . . a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the case." *Arizona v. California*, 460 U.S. 605, 618 (1983). According to this doctrine, "a court will not reexamine an issue previously decided by the same or higher court in the same case." *Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001).

Where claims have been dismissed on summary judgment, therefore, it is generally appropriate to preclude testimony or evidence regarding those same previously dismissed claims during a jury trial if evidence of the existence of those claims may cause unfair prejudice, confuse the issues, mislead the jury, cause undue delay, waste time, or present needlessly cumulative

DEFENDANT TIG INSURANCE COMPANY'S
SECOND SET OF MOTIONS *IN LIMINE* - 3
CASE NO. 3:21-cv-05185-JHC

121711.0112/9233766.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

evidence. Fed. R. Evid. 403.

TIG requests that the Court order that Plaintiffs may not reference claims that were dismissed in the Court's order on summary judgment or present evidence that goes exclusively to these claims.

A.  **MOTION 8: Evidence or Argument About the Breach of Contract Claim For Indemnity.**

TIG requests an order that Plaintiffs not mention, refer to, or make any arguments pertaining to their dismissed breach of contract claim. Plaintiffs should be precluded from presenting any evidence tending to show that Highmark was entitled to indemnity coverage for the damages at issue. Plaintiffs should not be allowed to present at trial the evidence or arguments they presented in support of this argument in their motion for summary judgment. Therefore, Plaintiffs should be precluded from arguing or presenting evidence that the East Park development *could have* included multi-family homes (which it does not) or that the CATT exclusion does not apply because the homes in the East Park development were constructed over a number of years. The Court rejected these theories and they should not be retried before a jury. Presentation of this evidence could confuse the issues for consideration by the jury and mislead the jury.

B.  **MOTION 9: Evidence or Argument About Negligence**

Because Plaintiffs' negligence claims were dismissed, they should be precluded from arguing that TIG had any duty to Plaintiffs, breached any duty to Plaintiffs, or caused any damages to Plaintiffs. Introduction of such evidence is not relevant to any claims remaining and could cause unfair prejudice, delay, and waste of time.

C.  **MOTION 10: Evidence or Argument About Bad Faith Claims Relating to Gillaspy & Rhode's Services**

In its order on the motions for summary judgment, the Court dismissed Plaintiffs' bad faith claims with respect to TIG's interactions with Gillaspy & Rhode. Dkt. 121 at 17-18.  On summary

DEFENDANT TIG INSURANCE COMPANY'S
SECOND SET OF MOTIONS *IN LIMINE* - 4
CASE NO. 3:21-cv-05185-JHC

121711.0112/9233766.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

judgment, Plaintiffs argued that TIG "knowingly depleted" Highmark's "burning limits" policy with its other insurer, Hannover. TIG requests that Plaintiffs be precluded from arguing or presenting evidence that TIG acted in bad faith or acted unreasonably in its communications and relationship with Gillaspy & Rhode. Particularly, Plaintiffs be precluded from stating, proving, or arguing that the Hannover policy was a "burning limits," eroding, wasting, self-consuming, or exhausting policy as this evidence goes exclusively to Plaintiffs' bad faith claims regarding Gillaspy & Rhode, which were dismissed. Plaintiffs should be precluded from presenting this evidence because it is not relevant to the remaining claims and it may mislead or confuse the jury or cause unfair prejudice to TIG.

D.     **MOTION 11: Evidence or Argument About Negligent Misrepresentation Claims**

In its order on the motions for summary judgment, the Court dismissed Plaintiffs' claims regarding Negligent Misrepresentation. In their portion of the parties' LCR 37 submission regarding interrogatories, Plaintiffs argued that the application Highmark completed when it applied for insurance coverage was somehow "intended to mislead and confuse insureds." *See* Dkt. 81 at 12. Because the insurance applications have no bearing on any of the remaining claims, Plaintiffs should be precluded from putting the applications into evidence or making arguments about the application language. The insurance applications are not relevant to any remaining claims and introducing them at trial may cause confusion, mislead the jury, or cause unfair prejudice.

E.     **MOTION 12: Evidence of Bad Faith With Respect to TIG's November 15, 2018 Letter**

Plaintiffs' claim that TIG's November 15, 2018 letter lacked "sufficient analysis" of the applicable exclusions was dismissed. Dkt. 121 at 20. Plaintiffs should be precluded from making such arguments at trial.

DEFENDANT TIG INSURANCE COMPANY'S
SECOND SET OF MOTIONS *IN LIMINE* - 5
CASE NO. 3:21-cv-05185-JHC

121711.0112/9233766.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

F.    **MOTION 13: Evidence That TIG's Withdrawal of its Defense Was In Bad Faith**

The Court dismissed Plaintiffs' claims that TIG acted in bad faith when it withdrew its defense in November, 2018. Plaintiffs should be precluded from making any arguments or presenting evidence that TIG acted in bad faith or was unreasonable in withdrawing its defense. Plaintiffs should be precluded from arguing that the withdrawal of its defense was unreasonable or in bad faith. Introducing such arguments may cause undue prejudice to TIG or confuse or mislead the jury.

G.    **MOTION 14: Evidence or Arguments Relating to Equitable Estoppel**

Plaintiffs advanced, and the Court rejected, the position that "TIG should be estopped from denying coverage because TIG's withdrawal prejudiced Highmark." Dkt. 121 at 23. Equitable estoppel requires proof of three elements: "(1) an admission, statement, or act inconsistent with a party's later claim; (2) action by another party in reliance on that admission, or act; and (3) injury to that party when a court allows the first party to contradict or repudiate its admission, statement, or act." Dkt. 121 at 23 (quoting *Rhoads v. City of Battle Ground*, 115 Wn. App. 752, 769, 63 P.3d 142 (2002)). At the summary judgment stage, Plaintiffs only offered evidence potentially going to the third element; however, Plaintiffs did not "offer evidence of inconsistent conduct by TIG on which Plaintiffs reasonably relied." *Id.* Plaintiffs should be precluded from presenting evidence that TIG's withdrawal of its defense prejudiced Highmark or that TIG acted in such a way as to cause Highmark's reliance on an admission or act. Such arguments or evidence would be confusing or misleading to the jury and may prejudice TIG.

H.    **MOTION 15: Evidence of Insurance Fair Conduct Act ("IFCA") Claims**

While the Insurance Fair Conduct Act and the Consumer Protection Act share many elements in common, Plaintiffs should be precluded from mentioning that they brought a claim under IFCA as that claim was already dismissed and the jury may be prejudiced by learning that

DEFENDANT TIG INSURANCE COMPANY'S
SECOND SET OF MOTIONS *IN LIMINE* - 6
CASE NO. 3:21-cv-05185-JHC

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

121711.0112/9233766.1

such a claim was alleged. Because the IFCA claim is dismissed, there is no need for the jury to learn about that claim and introducing that information may cause unfair prejudice.

### III. PROPOSED ORDER

A proposed Order accompanies these motions.

DATED: January 5, 2023.

          LANE POWELL PC

          By: *s/ Stephania C. Denton*
            Stephania C. Denton, WSBA No. 21920
            Angela Foster, WSBA No. 52269
            1420 Fifth Avenue, Suite 4200
            P.O. Box 91302
            Seattle, Washington 98111-9402
            Telephone: 206.223.7000
            dentons@lanepowell.com
            fostera@lanepowell.com
          Attorneys for Defendant TIG Insurance Company

DEFENDANT TIG INSURANCE COMPANY'S
SECOND SET OF MOTIONS *IN LIMINE* - 7
CASE NO. 3:21-cv-05185-JHC

121711.0112/9233766.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107