# Exhibit #31

1



The Honorable Sally Olsen
Hearing Date: October 9, 2020
Hearing Time: 1:30 PM

2

RECEIVED AND FILED
IN OPEN COURT

3

OCT - 9 2020

16-2-02165-6
FNFCL        80
Findings of Fact and Conclusions of Law
9068762

4

KITSAP COUNTY CLERK
ALISON H. SONNTAG

5

6

7

**SUPERIOR COURT OF WASHINGTON FOR KITSAP COUNTY**

8

MATTHEW BECKER, a Washington resident;
LAUREN KUEHNE, a Washington resident;

9

ADAM CRISWELL, a Washington resident;
KRYSTAL CRISWELL, a Washington

10

resident; ALFEE DIXON, a Washington
resident; TYSON FARLEY, a Washington

11

resident; DONALD FINISTER SR., a
Washington resident; CHRISTOPHER HART,

12

a Washington resident; JASON KOVACK, a
Washington resident; RICKY LORENSIUS, a

13

Washington resident; HEATHER MAREK, a
Washington resident; MICHAEL MARTIN, a

14

Washington resident; DAISEY MARTINEAR,
a Washington resident; GRACE MATEIAK, a

15

Washington resident; IAN MATEIAK, a
Washington resident; JOHN MELOPRIETO, a

16

Washington resident; TRAVIS NEUMAN, a
Washington resident; ARIEL NEUMAN, a

17

Washington resident; MICHELLE PAULINO,
a Washington resident; JOHN PAULINO, a

18

Washington resident; JAMES RAMPONI, a
Washington resident; LINDSEY RAMPONI, a

19

Washington resident; ERIC MCCANDLESS, a
Washington resident; PAIGE ROE, a

20

Washington resident; PAUL ROHRER, a
Washington resident; ANDREW SICAT, a

21

Washington resident; NICOYA MCKINSEY, a
Washington resident; JEREMY SIERRA, a

22

Washington resident; ERICA SIERRA, a
Washington resident; DARIUS USMAN, a

23

Washington resident; KRISTEN ZABAGLO, a
Washington resident; DAVID WILSON, a

24

25

NO. 16-2-02165-6

**PLAINTIFFS AS ASSIGNEES OF
HIGHMARK HOMES LLC'S
FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

Skoglund Law LLC
704 228TH Ave. NE #186
Sammamish, WA 98074
Phone: 206.390.3340

1 | Washington resident; IAN LAUGHLIN, a
Washington resident; SHELLY LAUGHLIN, a
2 | Washington resident; TAMMARA BOYLES, a
Washington resident; and BOBBY BOYLES, a
3 | Washington resident; LAIN SUPE, a
Washington resident; TIM WRIGLEY, a
4 | Washington resident; BILLY LUNSFORD, a
Washington resident; ROBIN LUNSFORD, a
5 | Washington resident; CAMERON
FLEWELLEN, a Washington resident;
6 | CHELSEA FLEWELLEN, a Washington
resident; MOHAMMAD SIDDIQUE, a
7 | Washington resident; AMY HO, a Washington
resident; MATTHEW GROFF, a Washington
8 | resident;
9 |
                    Plaintiffs,
10 |        vs.
11 | HIGHMARK HOMES, L.L.C., a Washington
Company; TOM TOLLEN, an individual;
12 | Washington resident; JOHN DOE
COMPANIES and/or CORPORATIONS,
13 | Washington Companies,
14 |
                    Defendant s.
15 | _____
16 | HIGHMARK HOMES LLC, a Washington
Company; TOM TOLLEN, an individual;
17 |
                    Defendant s/Third-Party
18 |                    Plaintiffs;
19 |        Vs.
20 | ABSI BUILDERS INC., a Washington
corporation; DURKIN CONSTRUCTION &
21 | REMODELING INC., a Washington
corporation; ERIK CONSTRUCTION, a
22 | Washington sole proprietorship; FILI AND
SONS CONSTRUCTION INC., a Washington
23 | corporation; IGS CONSULTING, L.L.C., a
Washington limited liability company; RDE
24 | CONSTRUCTION INC., a Washington
25 |

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 2

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340

1  corporation; SIMONSON CONSTRUCTION,
   a Washington Sole proprietorship; VAB
2  QUALITY WORKS, a Washington limited
   liability company; A.M.E.R.I.C.A. 1ST
3  ROOFING & BUILDERS INC., a Washington
   corporation,
4
5              Third-Party Defendant s.

6
                 I.    **INTRODUCTION**
7
        THIS MATTER having come on for hearing before the above-entitled Court, upon the
8
plaintiffs' motion for a determination of reasonableness and the Court relying on the following
9
documents.
10
        • Plaintiffs' Motion to Determination Reasonableness of Settlement;
11
        • Declaration of Martin Flores and attached exhibits;
12
        • Declaration of Robb Dibble and attached exhibits;
13
        • Declaration of Brian Johnson and attached exhibits;
14
        • Declaration of Tom Jones and attached exhibits;
15
        • Declaration of Todd Skoglund and attached exhibits; and
16
        • All case files on record with the clerk including pleadings, motions, declarations,
17
          exhibits, and other materials.
18
                 II.   **FINDINGS OF FACT**
19
The Court finds the following facts to be accurate and correct.
20
        1.     This is a construction defect case arising out of the construction of the East Park
21
housing development located in Kitsap County, Washington (*after* this "Project.")
22
        2.     The plaintiffs are homeowners who purchased their homes from Highmark
23
Homes, L.L.C. *(after this* "Highmark"), the developer, and general contractor on the project.
24
        3.     Highmark intended all of the work on the project be completed per the Residential
25
Building Code, the International Building Code, manufacturers' requirements, and the plans and

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND            **SKOGLUND LAW LLC**
CONCLUSIONS OF LAW - 3                                704 228TH AVE. NE #186
                                                      SAMMAMISH, WA 98074
                                                      PHONE: 206.390.3340

1  specifications it submitted to the County.

2      4.      On or about November 28, 2016, the plaintiffs filed a lawsuit against Highmark

3  and others for breach of contract, breach of express warranty, breach of an implied warranty, and

4  for the cost to repair damage caused by its work and other losses caused by its work.  Highmark

5  denied the allegations made by Plaintiffs and, in turn, filed a third-party complaint against multiple

6  contractors alleging they had a contractual obligation to perform labor and utilize materials in

7  compliance with the Residential Building Code (*from now on* "R.B.C."), the International Building

8  Code (from now on "I.B.C.") manufacturers' requirements, and the plans and specifications.  The

9  Plaintiffs alleged there were construction defects which were resulting in property damage.

      5.      Plaintiffs  retained  several  construction  professionals:  Martin  Flores  of
10
  Dimensional  Building  Consultants  as  to  exterior  envelope  issues,  Rob  Dibble  of  Dibble
11
  Engineers  to  review  the  structural  components  of  the  Project,  Tom  Jones  of  Zipper  Geo
12
  Associates  to  investigate  the  drainage  and  other  geological  problems,  and  Brian  Johnson  of
13
  Charter  Construction  as  to  the  cost  of  repairs.  The  Court  finds  plaintiffs'  experts  conducted
14
  thorough  investigations  and,  with  experience  with  Highmark  Homes,  had  ample  knowledge  to
15
  testify in this matter and are qualified as experts.

16      6.      The  Plaintiffs  experts  found  violations  of  R.B.C.,  I.B.C.,  manufacturers'

17  requirements, and the plans and specifications it submitted to the County and property damage to

18  each of the Plaintiff's houses.

19      7.      On or about April 19, 2019, the Plaintiffs and Highmark entered into a settlement

20  that contained a covenant judgment.  In exchange for a covenant not to execute, Highmark

21  stipulated to entry of a judgment in the amount of $2,569,072 and assigned the Plaintiffs all

22  right and title to any claims it has against its contractors, the contractor's insurance carrier(s),

23  and Highmark's insurance carrier(s.) As part of the settlement terms, Highmark demanded the

24  plaintiffs take an 11.5% reduction in their damages due to risks of litigation and other factors.

25

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND         **SKOGLUND LAW LLC**
CONCLUSIONS OF LAW - 4                             704 228TH AVE. NE #186
                                                   SAMMAMISH, WA 98074
                                                   PHONE: 206.390.3340

8. The amount of the judgment against Highmark was calculated as follows: adding the cost to repair homes: $1,839,585 to Litigation costs: $47,304 and then finally adding the Attorney fees owed: $1,016,017 for a subtotal of $2,902,906. Then the reduction of 11.5% was taken for a total amount of damages of $2,569,072.

9. However, there was a scrivener error in the settlement agreement relating to repair costs for the Highmark work and related property damage. The true cost of repair for the siding, drainage, and related property damage was $2,190,845. (*Decl. of Johnson* ¶ 4 Ex 4.) As discussed below, the Court finds this amount reasonable due to the expert testimony and is allowed to alter the judgment under Washington law. *See* RCW 4.22.060 (3); and see Owners Assn v. Meadow Valley, *L.L.C.*, 137 Wn. App. 810, 820, 156 P.3d 240 (2007), citing Howard v. Royal Specialty Underwriting, Inc., 121 Wn. App. 372, 376-77, 89 P.3d 265 (2004.)

10. After settling, the Plaintiffs, as assignees of Highmark, started negotiating with the contractors who performed work on the project, and various insurance carriers. Although the Plaintiffs were able to settle with Erik, other insurance carriers refused to defend and indemnify Erik or Highmark via Highmark's additional insured status.

11. In October/November of 2019, the Plaintiffs settled with Erik. Erik stipulated to entry a judgment for $2,672,418 and assigned the Plaintiffs all rights and title to any claims it has against its insurance carriers and agreed to take a 20% reduction in its alleged damages.

12. The settlement was calculated by adding the construction cost to repair homes $2,190,845 to the litigation costs: $47,304 and then adding the attorney fees owed: $1,102,374 for a subtotal $3,340,523. Then a reduction of 20% was taken, leaving the final damage amount of $2,672,418.

13. The real cost to repair Erik's work, the siding, related components, and property damage, is $1,861,534.00. (*Decl. of Johnson* ¶ 5 Ex 5.) The $2,190,845.00 Charter bid has monies in it for drainage, which it was determined Erik did not do. (*Decl. of Johnson* ¶ 4 Ex 4.)

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 5

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340

1

### III.   APPLICABLE LAW APPLIED BY THE COURT

2      14.     The Court relies on all the facts set forth above, as if fully stated herein.

3      15.     Washington courts have "adopted the reasonableness factors in the context of

4   RCW 4.22.040, which governs the availability of contribution to a tort-feasor who enters into a

5   settlement with a claimant." Red Oaks Condo. Owners Ass'n v. Sundquist Holdings, Inc., 128

6   Wash. App. 317, 325–26, 116 P.3d 404, 408–09 (2005) citing Glover, 98 Wash.2d at 716-718,

7   658 P.2d 1230  (It is well established that such settlements are permissible under Washington

8   law.) See generally *736 **1236 Safeco Ins. Co. of Am. v. Butler, 118 Wash.2d 383, 823 P.2d

9   499 (1992.)

10

11     16.     When the trial Court reviews and considers the reasonableness of a settlement,

12  it must do so under the light of when the parties enter it.  Bird v. Best Plumbing Grp., L.L.C.,

13  161 Wash. App. 510, 523–24, 260 P.3d 209, 216 (2011), aff'd, 175 Wash. 2d 756, 287 P.3d 551

14  (2012) citing  Brewer v. Fibreboard Corp., 127 Wash.2d 512, 541, 901 P.2d 297 (1995)

15  (emphasis omitted); Mavroudis v. Pittsburgh–Corning Corp., 86 Wash. App. 22, 38, 935 P.2d

16  684 (1997.) The burden of proving a settlement reasonable is on the party requesting the

17  settlement be determined reasonable by the Court, and the Court should consider the following:

18  "The releasing person's damages; the merits of the releasing person's liability theory; the merits

19  of the released person's defense theory; the released person's relative fault; the risks and

20  expenses of continued litigation; the released person's ability to pay; any evidence of bad faith,

21  collusion, or fraud; the extent releasing person's investigation of the case; and the interest of the

22  parties not released"  Chause v. Maryland Cas. Co., 60 Wash.App 504., 512, 803 P.2d 1339

23  (1991) (Quoting Glover v. Tacoma Gen. Hosp., 98 Wash.2d 708, 717, 658 P.2d 1230 (1983).)

24

25

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 6

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340

1    17.    Washington courts have reasoned that no single factor controls the analysis, and

2    all the factors are not necessarily present or relevant in all cases. R.S.U.I. Indem. Co. v. Vision

3    One, L.L.C., 165 Wash. App. 1020 (2011), as amended on denial of reconsideration (February

4    28, 2012), citing Besel v. Viking Ins. Co., 146 Wash.2d 730, 739 n. 2, 49 P.3d 887 (2002).

5    Although the burden is on the settling parties to establish reasonableness, it is incumbent on any

6    party with an interest or liability arising from the judgment to present evidence, if able, to

7    contradict the settling parties' evidence. Pickett v. Stephens–Nelsen, Inc., 43 Wash. App. 326,

8    332–33, 717 P.2d 277 (1986.) The Court did look at all the elements and apply those it believed

9
10   applicable.

11   18.    Under Washington, Law covenant judgments are valid and binding agreements.

12   See Besel v. Viking Ins. Co., 146 Wn.2d 730, 49 P.3d 887 (2002) quoting Safeco Insurance Co.

13   of Am. v. Butler, 118 Wn.2d 383, 399, 823 P.2d 499 (1992). ("A covenant not to execute

14   coupled with an assignment and settlement agreement … is 'an agreement to seek recovery only

15   from a specific asset – the proceeds of the insurance policy and the rights owned by the insurer

16   to the insured.'"); and See Mut. of Enumclaw Ins. Co. v. U.S.F. Ins. Co., 164 Wash.2d 411, 425-

17   26, 191 P.3d 866 (2008) ("To deprive the assignees of the full use of assigned rights would be

18   to deprive insureds/assignors of a valuable bargaining tool in settlement agreements.")

19   19.    The general measure of damages for breach of contract is that the injured party

20   is entitled to (1) recover all damages that accrue naturally from the breaches, and (2) be put into

21   as good a pecuniary position as he would have been in if the contract were performed. Eastlake

22   Constr. Co. v. Hess, 102 Wash.2d 30, 39, 686 P.2d 465 (1984.) Again, the amount of the

23   covenant judgment was calculated by reducing the gross damages to the Plaintiffs, which falls

24

25

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 7

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340

1   in line with awarding the Plaintiffs an amount that puts them back into the position they would

2   have been in if Highmark performed as promised.  All of Plaintiff's experts concluded there were

3   many portions of the project which were not in compliance with the R.B.C., I.B.C., the plans, and

4   specifications, and there was property damage all over the site.

5       20.     The contracts between the plaintiffs and Highmark and plaintiffs C.P.A. claims

6   both provided for attorney fees, so an award of fees is appropriate.

7       21.     An award that takes into consideration the Plaintiffs' Contingent Fee Agreement

8   is entirely consistent with Washington law, as the Court recognized in Allard v. First Interstate

9   Bank of Washington, 112 Wn. 2d 145, 150, 768 P.2d 998, 773 P.2d 420 (1989), a court asked

10  to determine an award of reasonable attorney fees may consider a contingent fee agreement.

11  Understandably, Allard also ruled that a court may not rely exclusively on the terms of a

12  contingent fee agreement but must instead independently decide what constitutes a reasonable

13  fee award. Allard, 112 Wn.2d at 150-51.

14

15      1.   The time and labor required, the novelty and difficulty of the questions involved,
             and the skill required to perform the legal service properly.
16      2.   If apparent to the client, the likelihood that the acceptance of the employment
             will preclude other employment by the lawyer.
17      3.   The fee customarily charged in the locality for similar legal services.
        4.   The amount involved and the results obtained.
18      5.   The time limitations imposed by the client or by the circumstances.
        6.   The nature and length of the professional relationship with the client.
19      7.   The experience, reputation, and ability of the lawyer or lawyers performing the
             services; and
20      8.   Whether the fee is fixed or contingent.

21      Allard, 112 Wn.2d at 149-150.

22      22.    A trial Court may adjust a settlement and related judgment up or down depending

23  on the facts presented at the reasonableness hearing.  See RCW 4.22.060 (3); see Owners Assn

24

25

1 | v. Meadow Valley, *L.L.C.*, 137 Wn. App. 810, 820, 156 P.3d 240 (2007), citing Howard v.

2 | Royal Specialty Underwriting, Inc., 121 Wn. App. 372, 376-77, 89 P.3d 265 (2004.)

3 |     A party is entitled to prejudgment and post-judgment interest on settlement agreements.

4 | It is widely acknowledged in Washington that "a settlement made in an underlying civil action

5 | represents a liquidated amount and an award of prejudgment interest is appropriate." P.U.D.

6 | No. 1 of Klickitat County v. Int'l Ins., 124 Wn.2d 789, 811, 881 P.2d 1020 (1994); King County

7 | v. Puget Power, 70 Wn.App. 58, 62, 852 P.2d. 313 (1993) King County v. Puget Power, 70

8 | Wn.App. At 62.

### IV.    THE COURTS CONCLUSIONS RELATING TO THE PLAINTIFFS AND HIGHMARK SETTLEMENT

The Court has considered the above facts finds as a matter of law as follows:

22.    The Court relies on all the facts outlined above as if fully stated herein.

23.    The settlement was necessitated by the fact Highmark knew it would lose a motion for summary judgment, as it had already lost the same motion in another matter when the trial court ruled as a matter of law the defects identified at the project were violations of the applicable building codes and the plans and specifications.  Highmark was also forced to settle as some of its insurance carriers refused to fulfill its contractual obligations to defend and indemnify it and multiple subcontracts insurance carriers refused to fulfill their obligations under the additional insured endorsements.

24.    The Court finds Highmark's exposure to damages were significant. The Plaintiff's experts found violations of R.B.C., the I.B.C., manufacturers' requirements, and the plans and specifications it submitted to the County and property damage to the houses. The Court finds Charter Construction's Cost of repair of $2,190,845.00 to repair the defects and property damage reasonable and fair considering all the supporting evidence.

25.    The Court finds plaintiffs cost incurred litigating this matter of $47,304 are

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340

1  recoverable under the contract law, and necessary and reasonable considering all the facts of
2  the case.

3        26.    Casey & Skoglund P.L.L.C. (*after* this " C& S.") was retained to represent the
4  Plaintiff's interests on a contingency fee contract. The Court agrees and understands the
5  plaintiffs, as many plaintiffs, were not in a financial position to pay C & S an hourly rate due
6  which would have been due at the end of each month.

7        27.    The Court realizes this case involved complex issues, and evidence available and
8  presented suggests that construction defect cases are costly to litigate compared to the recovery
   in many cases.  Additionally, the contingent nature of the fee agreement made the risks of taking
9  on this case by Plaintiffs' counsel significant, in that there was a likelihood that Plaintiffs'
10 counsel might not earn anything (or very little) for the work performed and might not recoup
11 the costs that he had advanced or was responsible for.

12       28.    The Court finds the time and difficulty spent by C & S in this matter were
13 significant as Highmark had been sued by a previous client of plaintiffs' counsel for construction
14 defects. In that matter and Highmark kept sloppy records and lost all types of documents, i.e.,
15 plans, specifications, certificates of occupancy, inspector check-offs, contracts, invoices, Etc.
16 Without the documents, Plaintiffs knew they had to rely on what Highmark had not lost, and
17 the testimony of Mr. Tollen. The evidence presented outlined novel and complicated legal and
18 factual issues that required significant skill on the Plaintiff's counsel.

19       29.    C & S may have lost some work as this case, and other Highmark cases took up
20 of time.

21       30.    The contingent fee agreement is customary in construction defect cases and, in
22 fact it is difficult for some owners to find lawyers because attorneys deem the risks too
23 significant in these cases, and their ability to recover their complete contingent fee uncertain.

24

25

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 10

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340

31.     The effort to force Highmark into a settlement and acknowledge its faults was significant. The time limitations imposed by the prosecution of this matter, as well as the experience, reputation, and ability of the Plaintiffs' counsel.

32.     The contingent nature of the fee and the risks of litigation, in this case, were substantial weight in determining the amount of the fees to award in this case.  The Court reviewed the time submitted and it finds the hours reasonable and necessary for the work performed.

33.     Plaintiffs are entitled to twelve percent (12%) interest on their settlement with Highmark from the date of Highmark's signature, April 19, 2019, at a rate of $947 per day until the hearing on this motion, and continuing until the judgment is paid in full.

34.     Plaintiffs are entitled to twelve percent (12%) interest on their settlement with Erik as assignees of Highmark's claims against Erik, from the date of counsels' signature, November 15, 2019, at a rate of $792 per day until the hearing on this motion, and continuing until the judgment is paid.

35.     The Court did consider and weigh every Glover factor to the facts in this matter.

36.     All parties' interest appears to be represented or at least notified as all the contractors who have not settled, and all known insurance carriers appear to have been notified.

37.     The Court finds merit of the plaintiffs' claims, and it finds plaintiffs had valid breach of contract and consumer protection claims, which they most likely prevailed at trial.

38.     The Court finds the continuation of this matter would have caused unnecessary risks and additional costs, which this settlement eliminated by the settlement. Due to Highmark's past projects and liabilities, the company and personal liability could have been significantly more. A trial would have been costly, but the exposure could have been enormous to personal or other companies' liability. By entering into the covenant judgment, the Plaintiffs

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340

1   and Highmark were able to eliminate the risk of trial, reach finality, and not waste any resources
2   on a conclusion both parties knew were inevitable.

3       39.     Highmark may have some ability to pay part of a judgment, but the Court finds
4   it not material to this matter when it faced significant risks to its assets and future if it was forced
5   to pay a large judgment.

6       40.     There has been no evidence presented to the Court indicating any bad faith,
7   collusion, or fraud in the settlement between plaintiffs and Highmark.

8       41.     The Court considers and believes Highmark's demand and pushing of plaintiffs
9   to take a reduction of 11.5% in damages tends to show there was no bad faith, collusion, or
    fraud, and an example of this settlement being an arm lengths transaction with bad faith or
10  collusion.

11      42.     After considering all the facts, applicable law, including the Glover factors, the
12  Court rules as follows regarding Highmark:

13      a.      The plaintiff cost of repair of $2,190,845 is reasonable and recoverable under
14              Washington law

15      b.      The litigation costs and expenses of $47,304 are reasonable and recoverable
16              under Washington law.

17      c.      The Court finds the number of fees in the settlement unreasonable. The Court
18              finds an award of 33% considering all the <u>Allard</u> factors excessive, but a
19              multiplier of two is appropriate considering all the facts. The Court finds an
20              award of $487,928.00 is reasonable and recoverable under Washington law to
21              be a reasonable considering all the <u>Allard</u> factors and facts in this matter.

22      56.     The court finds a settlement and judgment of $2,412,577 reasonable considering
23  all the facts and law applicable to this matter.

24
25

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 12

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340

1         54.     Finally, the Court believes the settlement to be liquid, and thus, plaintiffs are

2   entitled to 12% interest from the date of the settlement on April 19, 2019, to the date this order

3   is entered at $793 a day per day (539 days on Oct. 9) for a total of $427,427.

4

5   **V.     THE COURTS CONCLUSIONS RELATING TO THE PLAINTIFFS AS**

6   **ASSIGNEES OF HIGHMARK AND ERIK SETTLEMENT**

7         43.     The Court relies on all the facts set forth above, as if fully stated herein.

8         44.     Once Highmark Settled with the plaintiffs, Erik was forced to settle as its

9   insurance carriers were not all stepping up and agreeing to defend and indemnify them.

10         45.     In October/November of 2019, the Plaintiffs settled with Erik. Erik stipulated to

11   entry of judgment and assigned the Plaintiffs all rights and title to any claims it has against its

12   insurance carriers and agreed to take a 20% reduction in its alleged damages (Id.)

13         46.     Highmark's indemnity claim against Erik was strong, and they most likely would

14   have prevailed at trial against Erik due to the indemnity language in the party's contract. The

15   contract reading,

16
17   > The obligation of indemnity in this agreement shall survive the termination of this agreement and includes explicitly Service Provider's duty as indemnitor to hold harmless and defend the Indemnities' for any and all such loss following completion…

18

19         47.     The Plaintiffs retained multiple experts to inspect the project, and they

20   determined the labor performed. Materials used by Erik were not completed in compliance with

21   the R.B.C., I.B.C., and the plans and specifications, and as a result, each home on the project

22   suffered property damage. The allegations and testimony proved the allegations and property

23   damaged stemmed from Erik's activities on the project.  The Court finds Highmark would have

24

25

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 13

**SKOGLUND LAW LLC**
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340

most likely been found liable to plaintiffs triggering Erik's indemnity obligations per its contracts.

48.     Erik did not have any contractual or defenses to Highmark's indemnity or breach of claims.  Plus, as stated above, under the indemnity agreement, all which needed to be proven was that Erik installed the siding, and Highmark was found liable due to Erik's work.

49.     The indemnity paragraph is enforceable. Continuing litigation solved no purpose other than to waste time, resources, and place the companies and possible its member's personal assets at risk.  In the end, the parties could have litigated to the verdict, but there was no real dispute on the scope of repair or damages, but rather the only issue is where and how the judgment would get paid.  This is settlement allows the Plaintiffs to get one step closer to that decision.

50.     The Court reviewed the record. All the evidence presented evidence and see no evidence of bad faith, collusion, or fraud, by Plaintiffs, as they agreed to a reduction of 20% in damages as there are always risks in jury trials.  Also, a decrease of 20% percent by Plaintiffs makes the covenant judgment *prima facie* reasonable. See, e.g., Heights, 145 Wash.App. at 706-7 (The Court found a reduction of seventeen and one-half percent in damages compelling evidence the covenant judgment was reasonable and not a product of bad faith, collusion, or fraud.) Heights at Issaquah Ridge 308.

51.     In addition to the construction costs, fees and expenses, the Plaintiffs also seek prejudgment interest at 12% per annum from the date of the settlement between Plaintiffs and Highmark (on or about April 19, 2019) and between Plaintiffs as assignees of Highmark and Erik (on or about November 15, 2019.)

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 14

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340

52.     Plaintiffs are entitled to prejudgment interest on their settlement with Highmark and their settlement with Erik as assignees of Highmark's claims against Erik. It is widely acknowledged in Washington that "a settlement made in an underlying civil action represents a liquidated amount and an award of prejudgment interest is appropriate." P.U.D. No. 1 of Klickitat County v. Int'l Ins., 124 Wn.2d 789, 811, 881 P.2d 1020 (1994); King County v. Puget Power, 70 Wn. App. 58, 62, 852 P.2d. 313 (1993); and King County v. Puget Power, 70 Wn. App. At 62.

53.     The Court considers and believes Highmark's demand and pushing of plaintiffs to take a reduction of 20% in damages tends to show there was no bad faith, collusion, or fraud, and an example of this settlement being an arm lengths transaction with bad faith or collusion.

54.     After considering all the facts, applicable law, including the Glover factors, the Court rules as follows regarding Erik:

a.     The Plaintiffs costs of repair of $1,861,531

b.     The litigation costs of $47,304, are reasonable.

c.     The Court finds an award of $487,928, the same fees under the Highmark settlement, under the settlement reasonable under the indemnity obligation.

56.     The court finds a settlement and judgment of $1,917,413 reasonable considering all the facts and law applicable to this matter.

54.     Finally, the Court believes the settlement to be liquid, and thus, plaintiffs are entitled to 12% interest from the date of the settlement on November 15, 2019, to the date this order is entered at $630 per day (328 days on Oct. 9) for a total of $206,640.

NOW, THEREFORE, it is hereby ORDERED that Plaintiff's Reasonableness Motion re Highmark is GRANTED and the Court finds a covenant judgment of $2,840,004 to be reasonable.

PLAINTIFFS/ASSIGNEES' FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 15

1       It is hereby further ORDERED that Plaintiff's Reasonableness Motion as assignees

2  Highmark against Erik is GRANTED and the Court finds a covenant judgment of $2,124,053

3  to be reasonable.

4       DATED this ___ day of October ___ , 2020.

5

6                         Honorable Sally Olsen

7

8  RESPECTFULLY SUBMITTED this 30th day of September 2020.

9                      SKOGLUND LAW LLC

10

11                    By:_____

                     Todd K. Skoglund, W.S.B.A. #30403

12                      Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

SKOGLUND LAW LLC
704 228TH AVE. NE #186
SAMMAMISH, WA 98074
PHONE: 206.390.3340