UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW BECKER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TIG INSURANCE CO., et al.,<br><br>　　　　　Defendants. | CASE NO. 3:21-cv-05185-JHC<br><br>ORDER RE: MOTIONS IN LIMINE |

　　　　This matter comes before the Court on Plaintiffs' Motions In Limine, Dkt. ## 116, 117, 118, 119, and 120, and Defendant TIG Insurance Company's Motions In Limine, Dkt. # 115. The Court has considered the materials filed in support of, and in opposition to, the motions, as well as the balance of the case file. While the motions are noted for tomorrow, they are fully briefed, *see* LCR 7(d)(4) (no reply allowed on a motion in limine), and ready for disposition.

# I

## PLAINTIFFS' MOTIONS IN LIMINE

　　A.　General Motions, Dkt. # 116

　　　　1.　Any evidence, argument, inference, or suggestion to these Motions in Limine or the Court's rulings thereupon.

ORDER RE: MOTIONS IN LIMINE - 1

GRANTED with respect to all parties.

2. Any evidence, argument, inference, or suggestion regarding the presence of clients at trial.

DENIED.

3. Any evidence, argument, inference, or suggestion regarding the homeowners' counsel in this matter or any other Highmark matter.

GRANTED.

4. Any evidence, argument, inference, or suggestion regarding how the homeowners might use the proceeds of any judgment.

GRANTED.

5. Any evidence, argument, inference, or suggestion regarding effects on insurance rates or premium.

GRANTED.

6. Any evidence, argument, inference, or suggestion regarding the effect of income taxes.

GRANTED.

7. Any evidence, argument, inference, or suggestion regarding Lilly Yee's recommendations and advice excusing any of TIG's actions, decisions, or acts of bad faith.

DENIED without prejudice.

8. Any evidence, argument, inference, or suggestion regarding settlement negotiations between TIG and Hannover.

DENIED.

ORDER RE: MOTIONS IN LIMINE - 2

9. Any evidence, argument, inference, or suggestion regarding discovery disputes.

   GRANTED as to all parties.

10. Any evidence, argument, inference, or suggestion regarding the homeowners are "hitting the lottery," "hitting the jackpot," "a windfall," or similar politically charged phrases or terminology with an award of damages.

    GRANTED.

11. Any evidence, argument, inference, or suggestion regarding the employment of the homeowner's [counsel] or the terms of their engagement.

    GRANTED as to all parties.

12. Any evidence, argument, inference, or suggestion during cross-examination without a proper foundation being laid.

    DENIED without prejudice.

13. Any evidence, argument, inference, or suggestion interpreting TIG's policy.

    DENIED.

14. Any evidence, argument, inference, or suggestion should be decided like other matters.

    DENIED without prejudice.

15. Any evidence, argument, inference, or suggestion regarding the plaintiff's failure to mitigate their damages.

    GRANTED to the extent Plaintiffs do not seek damages beyond the amount set by the Reasonableness Order.

16. Each party should provide Twenty-Four Hours Advance Notice Regarding Intent to Call Witnesses.

ORDER RE: MOTIONS IN LIMINE - 3

      GRANTED.

17. Each party's witnesses should be excluded until they have completed their testimony.

      GRANTED.

18. Each party should provide access to all demonstrative or illustrative exhibits 48 hours before they enter.

      GRANTED in part.  The time period shall be 24 hours.

B.     Real Party of Interest, Settlement, Contribution, Dkt. # 117

1. Any evidence, argument, inference, or suggestion that the homeowners are not the real parties in interest.

      DENIED without prejudice.

2. Any evidence, argument, inference, or suggestion TIG or ASIC was released in the underlying settlement.

      DENIED without prejudice.

3. Any evidence, argument, inference, or suggestion of the settlement between the homeowners and Highmark, including the amount, was not reasonable.

      GRANTED.

4. Any evidence, argument, inference, or suggestion regarding contribution from settled parties, non-parties, or any other source.

      DENIED without prejudice.

C.     Duty to Defend, Dkt. # 118

1. Any evidence, argument, inference, or suggestion TIG did not know Hannover policy was a burning policy.

      DENIED.

ORDER RE: MOTIONS IN LIMINE - 4

2. Any evidence, argument, inference, or suggestion TIG provided a defense before December 4, 2017, when it started paying Gillaspy & Rhodes.

   DENIED.

3. Any evidence, argument, inference, or suggestion Highmark was not harmed when RiverStone requested Gillaspy & Rhodes perform tasks for TIG's investigation.

   DENIED.

4. Any evidence, argument, inference, or suggestion Highmark TIG cured its breach of the duty to defend or bad faith conduct.

   STRICKEN as moot.  The motion is conditional: "If the Court rules in the plaintiff's motion for partial summary judgment. . . that TIG breached its duty to defend."  The Court did not so rule.

D. Expert Testimony, Dkt. # 119

1. Any evidence, argument, inference, or suggestion regarding expert reports or their finding is inadmissible hearsay and should not be allowed.

   DENIED without prejudice.

2. Any evidence, argument, inference, or suggestion regarding the interpretation of the policy.

   DENIED.

3. Any evidence, argument, inference, or suggestion regarding the retention or need for expert testimony.

   DENIED without prejudice.

ORDER RE: MOTIONS IN LIMINE - 5

   4. Any evidence, argument, inference, or suggestion from undisclosed expert opinions and documents.

      GRANTED as to all parties.

   5. Any evidence, argument, inference, or suggestion regarding a cannibalizing or burning policy.

      DENIED without prejudice.

   6. Any evidence, argument, inference, or suggestion of what the law requires and what is or isn't a violation of the law regarding a cannibalizing or burning policy.

      DENIED without prejudice.

   7. Any evidence, argument, inference, or suggestion from experts based on anything other than TIG's initial document production.

      DENIED without prejudice.

E.   Undisclosed Evidence and Witnesses, Dkt. # 120

   1. Any evidence, argument, inference, or suggestion regarding undisclosed witnesses.

      DENIED without prejudice.

   2. Any evidence, argument, inference, or suggestion regarding undisclosed evidence.

      DENIED without prejudice.

   3. Any evidence, argument, inference, or suggestion to documents and witnesses within TIG's control and not produced.

      DENIED without prejudice.

ORDER RE: MOTIONS IN LIMINE - 6

## II

## TIG's Motions In Limine, Dkt. # 115

1. Motion re Evidence or Argument About the Insured's Unilateral Beliefs or Expectations About Coverage.

   GRANTED.

2. Motion re Evidence or Argument Concerning Any Party's Ability to Pay for the Judgment or Plaintiffs' Proposed Repairs in the Absence of Insurance Coverage.

   GRANTED.

3. Motion re Any Evidence or Argument Concerning TIG's Net Worth.

   GRANTED.

4. Motion re Evidence or Argument Regarding Premiums Paid.

   GRANTED.

5. Motion re Evidence or Argument Regarding Evidence Not Previously Disclosed.

   DENIED without prejudice.

6. Motion re Evidence or Argument Concerning Any Matter for Which No Witness Has Personal Knowledge.

   DENIED without prejudice.

7. Motion re Evidence or Argument Concerning TIG's Handling of Claims Other Than the Plaintiffs' Claim at Issue.

   DENIED without prejudice.

Dated this 12th day of January, 2023.

John H. Chun
United States District Judge