UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW BECKER, et al., | CASE NO. 3:21-cv-05185-JHC |
| Plaintiffs, | ORDER |
| v. | |
| TIG INSURANCE CO., et al., | |
| Defendants. | |

## I

### INTRODUCTION

This matter comes before the Court on Defendant United Specialty Insurance Company's ("USIC") Motion to Bifurcate. Dkt. # 122. The Court has considered the motion, Defendant TIG Insurance Company's ("TIG") response, and the balance of the record. Plaintiffs did not file a response. Being fully advised, and for the reasons below, the Court GRANTS USIC's motion.

## II

### BACKGROUND

On December 28, 2022, this Court issued an order denying Plaintiffs' motion for summary judgment and granting in part and denying in part TIG's motion for summary

judgment.  Dkt. # 121.  As a result, Plaintiffs' remaining causes of action against TIG include claims for breach of contract, bad faith, and for violating the Washington Administrative Code and the Washington Consumer Protection Act.  *Id.* at 25.  Plaintiffs' claims against TIG derive from TIG's defense of its insured, Highmark Homes LLC, in relation to a construction defect suit filed against Highmark over the construction of homes in the East Park housing development in Bremerton, Washington.  *Id.* at 2; Dkt. # 2 at 5–8, 646–55.

Plaintiffs allege that USIC issued an insurance policy to Erik Construction, a contractor who "installed the windows, doors, weather-resistive barrier, and related flashing and siding on some homes" in the East Park development.  Dkt. # 2 at 9.  Plaintiffs, in their capacities as assignees of Erik, bring a breach of contract claim against USIC based on its alleged failure to defend and indemnify Erik.  *Id.* at 61–62.

USIC requests that the Court sever the claim against USIC from the claims against TIG and issue a new scheduling order for the USIC claim.  Dkt. # 122 at 3.  TIG does not oppose USIC's request to bifurcate the liability claim against USIC from the liability claims against TIG.[1]  Dkt. # 132 at 2.  The case is set for trial beginning on January 31, 2023.

### III

### DISCUSSION

Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial."  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088

---

[1] TIG contends that if the Court bifurcates the trial by severing claims against USIC, the Court should then consolidate the damages phase of the claims against all defendants "to avoid inconsistent verdicts and a potential double recovery."  Dkt. # 132 at 3.  TIG cites no authority in support of their request.  The Court is unpersuaded by TIG's argument here.

(9th Cir. 2002).  "Where an overlap of factual issues exists between the claims, courts are reluctant to bifurcate the proceedings."  *Bates v. State Farm Mut. Auto. Ins. Co.*, No. C14-1557JLR, 2015 WL 11777838, at *1 (W.D. Wash. May 18, 2015).  "The party who moves to bifurcate a trial has the 'burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties.'"  *Landeros v. Schafer*, 2022 WL 1625185, at *1 (E.D. Cal. May 23, 2022) (quoting *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992)).

Convenience and prejudice concerns favor bifurcation.  Plaintiffs' singular breach of contract claim against USIC, based on the insurance policy USIC allegedly issued to Erik, is distinct from Plaintiffs' contractual and extracontractual claims against TIG.  The Court agrees that because of the lack of "overlap of factual issues" between the claims against USIC and TIG, the testimony offered by TIG's witnesses will likely not relate to the claim against USIC.  *Bates*, 2015 WL 11777838, at *1.  Requiring USIC to attend a trial mostly focused on claims against TIG is inefficient and inconvenient for USIC.  And as for prejudice, there is a risk of confusion in requiring the jury to distinguish between the policies TIG issued to Highmark and the policies USIC issued to Erik.

Judicial economy also favors bifurcation.  On September 8, 2022, USIC appeared in this matter, Dkt. # 70, with discovery to be completed by October 3, 2022, Dkt. # 38.  Because of this short timeframe, USIC apparently did not complete discovery.  Dkt. # 122 at 5.  Bifurcation will allow for additional time to complete discovery.  Given Plaintiffs' sole USIC claim, USIC expects that the claim may be resolved via alternative dispute resolution, dispositive motions, or at most, a "very short bench trial."  *Id.* at 6.  Accordingly, a second trial may not be necessary. Under these circumstances, bifurcation furthers the Court's interest in expedient resolution of matters.

1

2                                        IV

3                                  CONCLUSION

4          For the above reasons, the Court GRANTS USIC's Motion to Bifurcate.  Dkt. # 122.  For

5    Plaintiffs' claim against USIC, the Clerk is directed to enter an order regarding initial disclosures

6    and the joint status report.

7          Dated this 18th day of January, 2023.

8

9                                              John H. Chun
                                               United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24